[No. E016353. Fourth Dist., Div. Two. July 3, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
GAIL ROSALIE METCALF et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I through IV.

**COUNSEL**

Robert J. Russo and Marcia C. Levine, under appointments by the Court of Appeal, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Laura Whitcomb Halgren and Pat Zaharopoulos, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HOLLENHORST, Acting P. J.**—Defendants were charged with selling a controlled substance, cocaine, in violation of Health and Safety Code section 11352, subdivision (a). A jury convicted them and found that defendant Simon had two prior felony convictions. Defendant Metcalf was found to be a drug addict and was committed to the California Rehabilitation Center. (Welf. & Inst. Code, §§ 3050, 3051.) Defendant Simon was sentenced to 25 years to life in state prison.

I-IV*

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

V

SEPARATION OF POWERS

 Defendant Simon next argues that the three strikes law impermissibly violates the separation of powers provisions of the California Constitution. (Cal. Const., art. III, § 3.) Our Supreme Court has recently considered

---

*See footnote, *ante*, page 248.

this issue in *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]. In that case, our Supreme Court decided that the three strikes law does not eliminate the trial court's power to act on its own motion pursuant to Penal Code section 1385. (13 Cal.4th at pp. 529-530.) In reaching this conclusion, the court found that, if the statute was construed to eliminate the trial court's discretion, the trial court would not have the power to dismiss unless the prosecutor consented. "So interpreted, the statute would appear to violate the doctrine of separation of powers." (*Id.*, at p. 513.) ■ The court therefore held that "[I]n cases charged under [the three strikes law], a court may exercise the power to dismiss granted in section 1385, either on the court's own motion or on that of the prosecuting attorney, subject, however, to strict compliance with the provisions of section 1385 and to review for abuse of discretion." (*Id.*, at p. 504.)

■ Although our Supreme Court states that its opinion is fully retroactive, it does not instruct us as to the disposition of pending cases raising this issue. The opinion merely states: "Our holding, which relates only to sentencing, is fully retroactive. [Citations.] A defendant serving a sentence under the Three Strikes law [citations] imposed by a court that misunderstood the scope of its discretion to strike prior felony conviction allegations in furtherance of justice pursuant to section 1385(a), may file a petition for habeas corpus to secure reconsideration of the sentence. Such a petition should be filed in the sentencing court. [Citation.] Such a petition may be summarily denied if the record shows that the sentencing court was aware that it possessed the discretion to strike prior felony conviction allegations without the concurrence of the prosecuting attorney and did not strike the allegations, or if the record shows that the sentencing court clearly indicated that it would not, in any event, have exercised its discretion to strike the allegations. [Citation.]" (13 Cal.4th at p. 530, fn. 13.)

In the absence of a clearer directive from our Supreme Court, we believe that the proper method of applying *Romero* to cases presently on direct appeal is found in *People* v. *Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833]. In that case, our Supreme Court found that the trial court retained discretion to strike a prior conviction allegation under Penal Code section 1385 in a closely related context, involving the interpretation of Proposition 8, enacted in 1982. In *Fritz*, the court held that "[b]ecause . . . the trial court erroneously believed it had no discretion to strike the prior, we vacate the judgment and remand the case to the trial court to permit it to resentence defendant with an accurate view of its powers." (40 Cal.3d at p. 229.)

■ In this case, the trial court was asked to strike the prior conviction allegations on grounds that the three strikes law was not retroactive, i.e., that

the determination that the prior conviction was a strike had to be made at the time of the prior conviction. Leading into this argument, the defense counsel said: ". . . the conventional wisdom is that you have no discretion in this and perhaps that is true, but the other conventional wisdom is that the Court is to consider previous convictions as strikes . . . ." Defense counsel thus went on to argue that the trial court had discretion to not count the prior convictions as strikes on retroactivity grounds. Immediately prior to the defense counsel's argument, the trial court said: "The Court has, of course, heard this trial, heard the evidence that was brought to the trial on the issues, read and considered the probation officer's report prepared for today's event and I am ready to basically follow its recommendation *and having no other recourse under the statutory scheme of sentencing at this point* that Mr. Simon fall under." (Italics supplied.) The probation officer's report also did not indicate that the trial court had any sentencing discretion. The trial court did not comment further after defense counsel's argument.

Accordingly, we find the remand procedure established by *Fritz* persuasive[1] and instructive. Since the trial court affirmatively indicated, and erroneously believed, that it had no discretion to stricke a prior offense, we must "remand the case to the trial court to permit it to resentence defendant with an accurate view of its powers." (*People* v. *Fritz, supra,* 40 Cal.3d 227, 229.) Although the judgment was vacated in *Fritz* because it was the result of sentencing on a nolo contendere plea, here the judgment is affirmed because it resulted from a jury verdict.

## VI

### DISPOSITION

The judgment is affirmed as to both defendants. The case is remanded for resentencing as to defendant Simon.

Richli, J., and McDaniel, J.,* concurred.

On August 2, 1996, the opinion was modified to read as printed above.

---

[1]We note that subsequent to the decision in *People* v. *Fritz* the California Legislature enacted Penal Code section 1385, subdivision (b) withdrawing the court's power to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Penal Code section 667.

*Retired Associate Justice of the Court of Appeal, Fourth District, assigned by the Chief Justice prusuant to article VI, section 6 of the California Constitution.