[No. A069719. First Dist., Div. Four. Oct. 23, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
MAURICE DAVIS, Defendant and Appellant.

[No. A069640. First Dist., Div. Four. Oct. 23, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
ALEX L. RICKS, Defendant and Appellant.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, II-B-G.

## COUNSEL

J. Courtney Shevelson and David Y. Stanley, under appointments by the Court of Appeal, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Catherine A. Rivlin and Jeffrey M. Bryant, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**POCHÉ, Acting P. J.**—In these consolidated appeals we consider the application of *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628], in the context of a record in which the trial court was not called upon to exercise its discretion to strike prior felony conviction allegations pursuant to Penal Code section 1385, subdivision (a),[1] and the court made no extemporaneous comment with respect to its power to do so.

Following a joint jury trial, defendants Maurice Davis and Alex L. Ricks were each found guilty of two counts of robbery in a residence (§§ 211, 212.5), one count of residential burglary (§ 459), and three counts of assault with a deadly weapon (an automobile) upon a police officer (§ 245, subd. (c)). With respect to Davis, the jury additionally found that one residential robbery victim was over the age of sixty-five (§ 667.9).

In a bifurcated hearing, the court found that Davis had suffered four prior prison terms (§ 667.5, subd. (b)), and two prior convictions of serious felonies (§§ 667, subd. (a), 1192.7, subd. (c)), which also qualified as strikes (§ 667, subds. (d) & (e)). The court found that Ricks had suffered three prior prison terms (§ 667.5, subd. (b)) and one prior serious felony (§§ 667, subd. (a), 1192.7, subd. (c)), which qualified as a strike (§ 667, subds. (d) & (e)).

Davis was sentenced to state prison for the aggregate term of 125 years to life. Ricks was sentenced to state prison for the aggregate term of 28 years and 8 months.

## I. THE EVIDENCE*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## II. REVIEW

### A. *The Trial Court's Power to Strike the Prior Conviction Allegations*

At their separate sentencing hearings, defendants lodged numerous challenges to the application of various provisions of the three strikes law. At no time, however, did either defendant formally or informally request the trial court to exercise its discretion under section 1385, subdivision (a) (hereafter 1385(a)), and strike the prior felony conviction allegations. At no

---

[1] All statutory references are to the Penal Code unless otherwise indicated.
*See footnote, *ante,* page 168.

point during either sentencing hearing did the trial court comment upon its power or lack of power to strike the defendant's prior felony allegation(s). In short, despite very lengthy discussions regarding the correct application of the three strikes law, the subject of the court's power to strike was not addressed.

Since these cases were briefed, the California Supreme Court rendered its first major decision concerning the three strikes legislation. In *People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th 497 our high court held that neither version of the three strikes law, the legislative statute (§ 667, subds. (b)-(i)), nor the initiative statute (§ 1170.12), operated to deprive the trial court of its power under section 1385(a) to dismiss a prior conviction allegation in the furtherance of justice. Making its holding retroactive, the high court advised that "A defendant serving a sentence under the Three Strikes law [citation] imposed by a court that misunderstood the scope of its discretion to strike prior felony conviction allegations in furtherance of justice pursuant to section 1385(a), may raise the issue on appeal, or, if relief on appeal is no longer available, may file a petition for habeas corpus to secure reconsideration of the sentence. Such a petition should be filed in the sentencing court. [Citation.] Such a petition may be summarily denied if the record shows that the sentencing court was aware that it possessed the discretion to strike prior felony conviction allegations without the concurrence of the prosecuting attorney and did not strike the allegations, or if the record shows that the sentencing court clearly indicated that it would not, in any event, have exercised its discretion to strike the allegations. (*People* v. *Belmontes* [(1983) 34 Cal.3d 335, 348, fn. 8 (193 Cal.Rptr. 882, 667 P.2d 686)].)" (*People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th at p. 530, fn. 13.)

We asked the parties to submit additional briefing on the effect, if any, of the holding of *Romero* on these cases. Not surprisingly, both Davis and Ricks request we remand their causes so that the trial court may properly exercise its discretion under section 1385(a). The Attorney General argues that a remand is not required because it is not reasonably probable that a result more favorable to either defendant would be reached on a remand. (Cf. *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].) We conclude that defendants are not entitled to remand but do so because error has not been affirmatively demonstrated on this record.

Our analysis begins with the explicit guidance the California Supreme Court has given the lower courts of this state for purposes of determining whether error occurred during trial. ██ If the record reflects that the sentencing court was aware that it had the power to strike the prior felony

allegation and did not do so, or if the court clearly indicated that it would not strike in any event, then the judgment should be affirmed. (*People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th at p. 530, fn. 13.) In other words, on such records error of the type noted in *Romero* has not been demonstrated and the judgment should be affirmed. Conversely, if the record clearly reflects that the sentencing court thought it had no power to strike, then the matter should be remanded to the trial court for proper exercise of its sentencing discretion. (*Ibid.*) Put in "appellate speak," on such a showing the appellant has sustained his burden of demonstrating error.

There have been only a handful of cases which have had occasion to consider the application of *Romero* to pending appeals, and in each instance the record fits neatly into one of the two *Romero* categories. For example, in *People* v. *Pearsall* (Cal.App.), error was not found because the record affirmatively established that the sentencing court would not strike the prior convictions under any circumstances. (At pp. 604-606.) In contrast, error requiring a remand was found in *People* v. *Metcalf* (1996) 47 Cal.App.4th 248, 251-252 [55 Cal.Rptr.2d 164], *People* v. *Sotomayor* (1996) 47 Cal.App.4th 382, 390-391 [54 Cal.Rptr.2d 871], and *People* v. *Rodriguez* (Cal.App.), for in each case the sentencing court had unmistakably indicated its belief that it had no discretion to strike.

These cases are of little help in the situation at hand: a record on which the trial court was not affirmatively asked to exercise its discretion to strike the prior felony allegation and the court did not otherwise indicate during sentencing its understanding of its power to strike. We thus consider what the Supreme Court had in mind for this type of situation.

As we read *Romero* it does not purport to suspend the normal rules of appellate review. The very settled rule of appellate review is a trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate error on the face of the record. (See, e.g., *Corenevsky* v. *Superior Court* (1984) 36 Cal.3d 307, 321 [204 Cal.Rptr. 165, 682 P.2d 360]; *People* v. *Garcia* (1987) 195 Cal.App.3d 191, 198 [240 Cal.Rptr. 703].) Applying these rules to the error noted in *Romero*—i.e., that the trial court misunderstood its discretion to strike a prior felony conviction allegation under section 1385(a)—requires the appellant to affirmatively demonstrate that the trial court misunderstood its sentencing discretion. Where, as here, the record is completely silent, that burden has not been sustained. In such circumstances, the appropriate response by an appellate court, and the response we believe the Supreme Court envisioned in *Romero*, is to affirm the judgment and relegate the defendant to the remedy of habeas corpus if he can affirmatively demonstrate error.

B.-G.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III.  DISPOSITION

The judgments are affirmed.

Reardon, J., and Hanlon, J., concurred.

A petition for a rehearing was denied November 22, 1996, and the opinion was modified to read as printed above. The petition of all appellants for review by the Supreme Court was denied February 5, 1997. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 168.