[No. B091345. Second Dist., Div. Seven. Dec. 11, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
GILBERT ROBLES et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, the portions of this opinion certified for partial publication include: the first three paragraphs, the entire Factual Background, the part 4 *Romero* error discussion, and the Disposition.

## COUNSEL

Susan L. Wolk and Richard G. Rumery, under appointments by the Court of Appeal, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Mary Sanchez, Jaime L. Fuster and Lori R. Mars, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WOODS, J.**—A jury convicted appellants Gilbert Robles (Robles) and Javier Mesa Uribe (Uribe) of attempted second degree robbery (Pen. Code,

§§ 664/211; statutory references, unless otherwise noted, are to the Penal Code) and found true an allegation Robles had used a knife (§ 12022, subd. (b)(1)). Robles and Uribe each admitted a serious felony conviction allegation (§§ 667, subds. (b)-(i), 667, subd. (a)) and Uribe also admitted a state prison allegation (§ 667.5). Each was sentenced to 10 years in state prison.

Appellants raise the following issues: *Yurko* error (*In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561]); error to admit evidence of an uncharged offense (Evid. Code, § 1101, subd. (b)); instructional error (CALJIC No. 2.50, mod.); *Romero* error (*People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]); and various "three strikes" (§ 667, subds. (b)-(i)) claims.

We find all but one of appellants' claims without merit. We agree with appellants' claim that remand is required in order for the trial court to exercise its discretion to dismiss or not to dismiss serious felony allegations (*People* v. *Superior Court* (*Romero*), *supra*, 13 Cal.4th 497.)

### FACTUAL BACKGROUND

There being no insufficiency of evidence claim, the facts may be stated simply. Our perspective favors the judgment. (*People* v. *Barnes* (1986) 42 Cal.3d 284, 303-304 [228 Cal.Rptr. 228, 721 P.2d 110].)

On April 28, 1994, Thursday, about 1 p.m., Ricardo Jose Linares was sitting on a grassy knoll above a lake in Hollenbeck Park when appellants walked by him twice. When they approached him a third time they sat down, Robles to his left, Uribe to his right.

Robles asked Mr. Linares about his bandaged right hand and Mr. Linares described his accident at work the previous day. As the two of them continued to chat, Robles moved to within about five to six feet of Mr. Linares. Uribe, silent, was approximately eighteen feet from Mr. Linares.

Then Robles told Mr. Linares "to look behind [him] at what was coming." Robles pulled out a long knife and said "You son of a bitch, if you don't give me your money I'll kill you." Robles swung the knife at Mr. Linares who moved back, avoiding it. Mr. Linares got to his feet as Uribe tried to grab him.

Mr. Linares ran toward 4th Street with appellants in pursuit. As Mr. Linares approached 4th Street, Robles gave up the chase and later, Uribe did too.

Within a minute or two after reaching 4th Street, Mr. Linares hailed a police car, explained the attempted robbery, got in the police car, and—as the officers drove into the park—looked for appellants. Soon, Mr. Linares said, "there they are." Officer Fajardo saw appellants about 500 feet away by a bridge which spanned the lake. Appellants looked at the police car and started running across the bridge.

When the police car cut off appellants' escape path, appellants stopped and reversed course.

A police helicopter officer informed Officer Fajardo the suspects were hiding in bushes by a freeway wall. Officer Fajardo approached the bushes, drew his gun, told appellants to freeze, and arrested Uribe. Robles ran away but was soon arrested by other officers.

The knife was not recovered.

Neither appellant testified and there were no defense witnesses.

DISCUSSION

1.-3.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

4. *Romero error.*

■ Robles and Uribe both asked the trial court to dismiss prior felony conviction allegations (§ 667, subds. (b)-(i)). The trial court said it could not because it was "constrained thus far by *Romero,*" referring to the Court of Appeal decision which had held a trial court lacked discretion to dismiss such allegations. Thereafter, of course, our Supreme Court ruled otherwise. (*People* v. *Superior Court (Romero), supra,* 13 Cal.4th 497, 529-530.)

Conceding *Romero* error, the Attorney General argues remand is unnecessary because it would be an abuse of discretion for the trial court to dismiss either Robles's or Uribe's serious prior felony conviction. (§ 667, subds. (b)-(i).) We disagree. We believe remand is required because we cannot determine from this record whether or not it would be an abuse of discretion for the trial court to dismiss a serious felony conviction. An explanation may be useful.

We are mindful that such remands may be costly, time consuming, and involve a variety of risks. Accordingly, when the record indicates the trial

---

*See footnote, *ante,* page 627.

court would not have granted such a dismissal if it believed it had discretion to do so, then an appellate court may appropriately deny remand. Such is not our case.

Here, *because* the trial court made plain that it had no discretion to dismiss a serious prior or otherwise exercise sentence discretion, defense counsel had no reason to contest probation report assertions, offer mitigating evidence, have appellants testify, or even argue for a mitigated sentence. Therefore, we believe it inappropriate to review a record which may have been thus skewed and then attempt to predict "abuse of discretion."

An example may be helpful. Mr. Linares testified Mr. Robles swung at him with the knife, missing him by four to six inches. But Mr. Linares also testified Robles, in effect, warned him before swinging at him with the knife. As to the attempted robbery charge, it was not especially significant whether Robles did or did not try to stab Mr. Linares. But for sentencing purposes it was significant—but not addressed at the sentence hearing.

We shall remand the matter to the trial court so it may decide whether or not to exercise its discretion (*People* v. *Superior Court* (*Romero*), *supra*, 13 Cal.4th at pp. 530-532). We intimate no view how that discretion should be exercised.

5.-7.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## DISPOSITION

The judgments are affirmed. The matter is remanded to the trial court for further proceedings consistent with this opinion.

Lillie, P. J., and Johnson, J., concurred.

A petition for a rehearing was denied January 7, 1997, and appellants' petition for review by the Supreme Court was denied March 12, 1997.

---

*See footnote, *ante*, page 627.