[No. B096855. Second Dist., Div. Six. Jan. 23, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL J. SANDERS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

**COUNSEL**

Susan B. Lascher, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Jaime L. Fuster, Carl N. Henry and David C. Cook, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

GILBERT, J.—In this "Three Strikes" case, the defendant moved the trial court to strike his prior serious felony convictions. The trial court stated that it did not have the discretion to do so under Penal Code[1] section 1385. Here we hold, among other things, the case must be remanded for sentencing pursuant to *People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628], because the trial court misunderstood its discretionary power to dismiss the priors under section 1385.

Michael J. Sanders appeals from the judgment entered following a jury trial in which he was convicted of feloniously selling half an ounce of marijuana. (Health & Saf. Code, § 11360, subd. (a).) The trial court also found true that Sanders previously had been convicted of three serious felonies under California's Three Strikes law (§§ 667, 1170.12) and had served two prior prison terms (§ 667.5, subd. (b)).

Sanders was sentenced to 27 years to life in prison. He received 25 years to life under the Three Strikes law because of the instant felony conviction and his prior serious felony convictions. (§§ 667, subd. (e)(2); 1170.12, subd. (c)(2).) He also received an additional year in prison for each of his two prior prison terms. (§ 667.5, subd. (b).)

■ Sanders contends that remand is required because the trial court mistakenly believed it lacked the discretion to strike any of his prior serious felony convictions on its own motion pursuant to section 1385, subdivision (a).

[[/]]*

[[/]]* In *Romero*, our Supreme Court held that trial courts retain the discretion under California's Three Strikes law to strike prior serious felony convictions on their own motion pursuant to section 1385, subdivision (a).[2] The court declared its decision "fully retroactive" and stated: "A defendant serving a sentence under the Three Strikes Law (§ 667, subds. (b)-(i); § 1170.12) imposed by a court that misunderstood the scope of its discretion to strike prior felony conviction allegations in furtherance of justice pursuant

---

[1] All further statutory references are to the Penal Code unless otherwise stated.
*See footnote, *ante*, page 175.
[2] Section 1385, subdivision (a) provides: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

to section 1385(a), may raise the issue on appeal, or, if relief on appeal is no longer available, may file a petition for habeas corpus to secure reconsideration of the sentence." (*People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th at p. 530, fn. 13.)

Here, the trial court, which sentenced Sanders prior to the issuance of the *Romero* decision, mistakenly believed that it lacked the power to strike any of Sanders's prior serious felony convictions on its own motion pursuant to section 1385. When Sanders moved to strike his prior serious felony convictions on the grounds that a life sentence would violate constitutional prohibitions against cruel and/or unusual punishment, *and* on the grounds that dismissal of those prior felony convictions would be in "furtherance of justice" under section 1385, the trial court stated: "I have the jurisdiction [to dismiss prior felony convictions] under the cruel and unusual section of the constitution. *I don't have jurisdiction under 1385.*" (Italics added.)

Remand is not necessarily required where the court mistakenly believes it lacks discretion to strike prior serious felony convictions on its own motion. If the record shows that the trial court would not have exercised its discretion even if it believed it could do so, then remand would be an idle act and is not required. (*People* v. *Gutierrez* (1996) 48 Cal.App.4th 1894 [56 Cal.Rptr.2d 529] [reconsideration of sentence not required where record clearly indicated that sentencing court would not have exercised its discretion to strike the defendant's prior felony conviction].)

If, on the other hand, the record shows only that the trial court believed it had no discretion to strike one or more of the defendant's prior serious felony convictions, then the matter must be remanded for resentencing, so that the trial court may properly decide whether, in fact, to exercise its discretion. (*People* v. *Robles* (1996) 51 Cal.App.4th 627 [59 Cal.Rptr.2d 400] [remanding case for resentencing where record indicated that trial court mistakenly believed it lacked discretion to strike defendant's prior felony conviction]; *People* v. *Metcalf* (1996) 47 Cal.App.4th 248 [55 Cal.Rptr.2d 164]; *People* v. *Sotomayor* (1996) 47 Cal.App.4th 382 [54 Cal.Rptr.2d 871]; cf. *People* v. *Davis* (1996) 50 Cal.App.4th 168 [57 Cal.Rptr.2d 659] [defendants not entitled to remand for resentencing where record was completely silent as to trial court's belief in its discretion to strike prior felony convictions].)

The record here shows the trial court concluded it lacked the discretion to strike any of Sanders's prior serious felony convictions under section 1385. The court did not opine what it would have done if it had such discretion. We disagree with the dissent's view that the trial court's unwillingness to

strike any of Sanders's prior serious felony convictions pursuant to section 1385 is manifest in the trial court's refusal to dismiss such convictions on constitutional grounds. Whether a prior felony conviction should be dismissed because the resulting punishment will violate constitutional prohibitions against cruel and/or unusual punishment and whether it should be dismissed in "furtherance of justice" under section 1385, subdivision (a) are two separate inquiries. The trial court's answer to the first of these questions does not tell us how it would have ruled on the latter question which it did not consider.

Given the record's silence as to whether the trial court *would have exercised its discretion* to strike any of Sanders' prior felony convictions, we believe the matter must be remanded for resentencing under *Romero*. We are not prepared to rule as a matter of law at this time that had the trial court dismissed one or more of the prior strikes it would have been an abuse of discretion. (Cf. *People v. DeGuzman* (1996) 49 Cal.App.4th 1049 [57 Cal.Rptr.2d 577] [concluding that, on the record before it, it would have been an abuse of discretion for the trial court to have exercised its discretion to strike the defendant's prior felony convictions].)

We also do not believe, as does the dissent, that, in order to secure reconsideration of his sentence on appeal, Sanders must show *both* that the trial court misunderstood its power *and* that the trial court would have granted Sanders a more lenient sentence had it properly understood its power. Instead, we think the California Supreme Court in *Romero* specifically contemplated direct relief on appeal in cases like the present one where the record indicates that, at the time of sentencing, the trial court misunderstood its power to strike prior felony convictions under section 1385, and appellate avenues of relief had not yet been exhausted. (*People v. Superior Court (Romero)*, *supra*, 13 Cal.4th at p. 530, fn. 13 [stating that a defendant sentenced by a trial court that misunderstood its discretion to strike prior felony convictions pursuant to section 1385, subdivision (a) may "*raise the issue on appeal.*" (Italics added.)].)

We affirm the judgment of conviction, but reverse the matter for resentencing so that the trial court may decide, in light of *Romero*, whether to exercise its discretion to strike one or more of Sanders's prior serious felony convictions pursuant to section 1385, subdivision (a).[3] We express no opinion as to how the trial court should rule on remand.

Stone (S. J.), P. J., concurred.

---

[3]We recognize that the trial court here would have to strike not less than two of Sanders's three prior serious felony convictions in order to avoid a twenty-five-year-to-life sentence under section 667, subdivision (e)(2).

**YEGAN, J.**—I respectfully dissent. The rule of *Auto Equity Sales Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937], is well known and need not be repeated. Compliance, however, is not always easy. Here there is a legitimate debate within this division, this district, and in other districts with respect to the proper application of footnote 13 of *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628] as modified.

In *Romero,* our Supreme Court held that the trial court has discretion, pursuant to Penal Code section 1385, to strike a prior conviction which would otherwise result in a sentence pursuant to the "Three Strikes" law. As modified, footnote 13 reads: "Our holding, which relates only to sentencing, is fully retroactive. (See *People* v. *Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8 [193 Cal.Rptr. 882, 667 P.2d 686]; *People* v. *Tenorio* [(1970)] 3 Cal.3d [89,] 95, fn. 2 [89 Cal.Rptr. 249, 473 P.2d 993].) A defendant serving a sentence under the Three Strikes Law (§ 667, subds. (b)-(i); § 1170.12) imposed by a court that misunderstood the scope of its discretion to strike prior felony conviction allegations in furtherance of justice pursuant to section 1385(a), may raise the issue on appeal, or, if relief on appeal is no longer available, may file a petition for habeas corpus to secure reconsideration of the sentence. Such a petition should be filed in the sentencing court. (*People* v. *Tenorio, supra,* 3 Cal.3d at p. 95, fn. 2.) Such a petition may be summarily denied if the record shows that the sentencing court was aware that it possessed the discretion to strike prior felony conviction allegations without the concurrence of the prosecuting attorney and did not strike the allegations, or if the record shows that the sentencing court clearly indicated that it would not, in any event, have exercised its discretion to strike the allegations. (*People* v. *Belmontes, supra,* 34 Cal.3d at p. 348, fn. 8.)" (13 Cal.4th at p. 530.)

Our Supreme Court's direction that for those cases on appeal which present a *Romero* issue, a defendant "may raise the issue on appeal . . ." is not necessarily a direction that the Court of Appeal is automatically required to grant relief. In my view, the footnote is significant for what it does not say.

Does the wording of footnote 13 mean that time-honored rules of appellate review are inapplicable on this issue? I don't think so. As indicated in the recent case of *People* v. *Alvarez* (1996) 49 Cal.App.4th 679, 694 [56 Cal.Rptr.2d 814]: "It has long been settled that the burden is on an appellant to affirmatively show in the record that error was committed by the trial court . . . ." (See also *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].) It is equally well settled that even in those

instances where error appears, the appellant has the burden of persuading an appellate court that reversal is appropriate by the appropriate standard of appellate review. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 325, pp. 335-336.) This traditional rule of appellate review applies to *Romero*. (*People* v. *White Eagle* (1996) 48 Cal.App.4th 1511, 1523 [56 Cal.Rptr.2d 403, 56 Cal.Rptr.2d 749]; *People* v. *Davis* (1996) 50 Cal.App.4th 168, 172 [57 Cal.Rptr.2d 659].)

Here, the trial court indicated that it had the power to reduce the sentence by theoretically finding that it would be cruel or unusual punishment to impose a 27-year-to-life sentence. It also indicated that it could not reduce the sentence by striking pursuant to Penal Code section 1385. That seemed to be a correct ruling at the time and I cannot fault the trial court for coming to that conclusion. While these two tests are separate and distinct, and even if it is more difficult to prove the former, to me it seems logical that had the trial court intended some lenience and indicated that its "hands were tied," it would have said so. It did not. What inference should be drawn from this record? The inference that I draw and consistent with time-honored rules of appellate review is that it would not have stricken one or more priors pursuant to Penal Code section 1385. Thus, the judgment should be affirmed.

Nevertheless, the inference that I draw could be wrong. Why should an appellate court speculate, one way or another, when there is an adequate remedy alluded to in footnote 13 (13 Cal.4th at p. 530), i.e., a petition for writ of habeas corpus in the trial court. This was our original ruling and, to me, it makes sense. I have the highest regard for the integrity of our superior court judges. The sentencing judge who has such a petition and who looks at the file should be able to determine whether or not striking a prior is in the interests of justice. I presume that such petitions are now being filed and ruled upon in a timely fashion. However, an automatic resentencing is not appropriate. Our original opinion indicated: "Where the record shows that the trial court even hints at leniency, we reverse." (*People* v. *Sanders* (Sept. 4, 1996) B096855 [nonpub. opn.], rehg. granted Sept. 26, 1996.) Without expressly saying so, this was a prejudicial error standard being applied.[1] We then indicated that appellant could seek relief by the filing of a petition for writ of habeas corpus. To me, this approach still makes sense. It does no violence to traditional appellate review, gives the defendant a fair opportunity to be resentenced, and is consistent with the spirit, if not the letter, of *Romero*.

[1]Some divisions are, without expressly saying so, employing a prejudicial error analysis, and precluding the trial courts from reconsidering sentence altogether. The theory here is that it would be an abuse of discretion to strike the prior. (E.g., *People* v. *Askey* (1996) 49 Cal.App.4th 381 [56 Cal.Rptr.2d 782].) This approach would preclude the latter filing of a habeas corpus petition.

I would affirm the judgment and allow appellant to file a petition for writ of habeas corpus in the trial court.

A petition for a rehearing was denied February 19, 1997. Yegan, J., was of the opinion that the petition should be granted. Respondent's petition for review by the Supreme Court was denied April 23, 1997.