Filed 9/25/13  P. v. Martinez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056297 |
| v. | (Super.Ct.No. RIF1105932) |
| JUAN GABRIEL MARTINEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Richard Todd Fields, Judge.  Affirmed.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Lilia E. Garcia and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant guilty of one count of rape by force or fear (Pen. Code, § 261, subd. (a)(2), count 1);[1] two counts of domestic violence causing traumatic injury (§ 273.5, subd. (a), counts 2 & 3); one count of dissuading a witness from reporting or testifying (§ 136.1, subd. (c)(1), count 4); and one count of corporal injury on a child (§ 273d, subd. (a), count 5). The jury also found true that defendant used or threatened to use force in committing count 4.

Defendant was sentenced to a total term of eight years four months in state prison as follows: three years on count 1; a consecutive one year on count 2; a concurrent term of three years on count 3; a consecutive term of three years on count 4; plus a consecutive one year four months on count 5. On appeal, defendant contends that the trial court erred in sentencing him to a consecutive, full middle term on count 4 pursuant to section 1170.15. We reject this contention and affirm the judgment.

I

FACTUAL BACKGROUND

Jane Doe had four children with defendant and lived with him in California and Idaho. While living in Idaho, defendant physically abused her and their son John Doe on many occasions. He beat her and John Doe, who has cerebral palsy and is paralyzed on his right side, with his hands and fists. On one occasion, defendant hit Jane in the eye, causing her a lot of pain and to fall down. Defendant also hit John because John could not stand up straight or walk well due to his paralysis. On one occasion, defendant hit

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

John in the chest, causing bruising to John's chest area; and on another occasion, defendant hit John with a belt because John was not sitting up straight. In June 2011, Jane reported defendant's abuse to Idaho police, and defendant left the residence without notifying her of his whereabouts. Jane moved back to California.

About two months later, in August 2011, Jane reunited with defendant in Riverside, California, because defendant said that he had changed and the children wanted him back. Beginning in October 2011, defendant again began abusing and threatening Jane. He beat her with his hands and kicked her several times. He also punched her face and hit her shoulder and under her eye. As a result, Jane suffered bruises and marks to her legs, arms, hands, and face. Defendant also forced Jane to have sexual intercourse with him even though she did not want to. Jane explained that after defendant beats her, he initiates sexual intercourse while he is still very angry and that she acquiesces to defendant's demands because she is scared of him. Additionally, while engaging in sexual intercourse with Jane, defendant often times called her a whore, ugly, and disgusting.

Defendant also again began abusing 11-year-old John, who used a wheelchair. He would hit John when John would not "straighten up." John recalled defendant hitting him with a boot on his lip, causing his lip to bleed. John did not know why defendant hit him, and he did not know if defendant hit him because John uses a wheelchair, but remembered defendant was angry when he hit him. Defendant also hit John in his eye with a stick, causing John to miss school for a while and preventing him from opening his eye. John said that defendant hit him because defendant was mad at John, but John did

3

not know why defendant was mad at him. John's teacher reported John's injuries to Child Protective Services (CPS) that were consistent with John being abused.

Defendant told Jane that he had left Idaho because Idaho police were looking for him. Sometime in September 2011, he also told her that he was not afraid of her calling the police and, that if she called the police, he knew how to physically abuse her so that she would be in pain. Defendant's statements made Jane feel afraid of him. At other times, defendant also threatened to harm Jane's brothers or her parents. Although there were telephones at her work, Jane did not call the police because she was afraid defendant would harm her or her family. Jane tried to hide the abuse from police and CPS because defendant had threatened her, saying no one would believe her and that if she told anyone he would harm her family.

II

DISCUSSION

A.    *Application of Section 1170.15*

Defendant initially argues that there was no evidence to support the trial court's conclusion that count 4, dissuading a witness, was related to any other felony count in this case. Defendant is incorrect.

Section 1170.15 provides: "Notwithstanding subdivision (a) of Section 1170.1 which provides for the imposition of a subordinate term for a consecutive offense of one-third of the middle term of imprisonment, if a person is convicted of a felony, and of an additional felony that is a violation of Section 136.1 or 137 and that was committed against the victim of, or a witness or potential witness with respect to, or a person who

4

was about to give material information pertaining to, the first felony . . . the subordinate term for each consecutive offense that is a felony described in this section shall consist of, . . .”

Defendant argues that while Jane indicated defendant had stated sometime in “‘September’” that he was not afraid of Jane calling the police because he “‘knew where to hit [her] where it would hurt,’” there was “no indication as to whether it had to do with any of the other charged offenses in this case.” He maintains that the prosecution failed to “actually tie the comment to anything else that occurred in the case” or to any specific felonies.

Section 1170.15 applies “when a defendant is convicted of a felony (the ‘first felony’) and also convicted of dissuading or attempting to dissuade the victim of, or a witness to, the first felony from reporting or giving testimony regarding the first felony.” (*People v. Evans* (2001) 92 Cal.App.4th 664, 669.) “Section 1170.15 does not create an enhancement, but an alternative sentencing scheme.” (*People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1835.) Accordingly, “section 1170.15 need not be specifically pleaded and proven.” (*Ibid.*)

The application of section 1170.15 does not require any additional jury fact finding. It applies whenever a jury finds a defendant guilty of a felony and of dissuading a victim of, or witness to, that felony. The trial court here expressly found that defendant’s conviction for dissuading a witness was related to the domestic violence offenses. There is substantial evidence here for the conclusion that the dissuading a victim offense related to the domestic abuse charges in this case. Jane testified that

5

defendant repeatedly beat her and John while living in Idaho and California, and when defendant found her in Riverside, he threatened to harm her and her family if she called the police. Even if Jane testified defendant's threat of harming her if she told the police occurred, "Like, in September," the record is clear that Jane also testified that at other times defendant threatened her and her family and that she was afraid to call the police even though she had telephones at work. The record shows that defendant's threats of dissuading Jane from reporting the crimes related to the specific offenses charged in the present case. Section 1170.15 is applicable to the present case because the jury convicted defendant of two counts of felony domestic violence causing traumatic injury, and dissuading the victim.

B.    *Sentence on Count 4*

Defendant also argues that the trial court misunderstood its discretion to sentence him to a prison term to be served concurrently, rather than consecutively, for count 4, dissuading a witness. He further maintains his counsel was ineffective for failing to object and make the court aware of its sentencing alternatives.

The People assert defendant's claim is waived on appeal because he failed to raise it at the sentencing hearing. Exercising our discretion to do so and to forestall defendant's ineffective assistance of counsel claim, we reach the merits of defendant's claim notwithstanding his failure to timely raise it. (*People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6.)

"Discretion is compatible only with decisions 'controlled by sound principles of law, . . . free from partiality, not swayed by sympathy or warped by prejudice . . . .'"

(*People v. Bolton* (1979) 23 Cal.3d 208, 216.)  Thus, "all exercises of legal discretion must be grounded in reasoned judgment and guided by legal principles and policies appropriate to the particular matter at issue."  (*People v. Russel* (1968) 69 Cal.2d 187, 195, superseded by statute on other grounds as stated in *People v. Anderson* (2001) 25 Cal.4th 543, 575.)

The court cannot properly exercise its discretion if it does not fully understand the scope of this discretion.  "Generally, when the record shows that the trial court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing.  [Citations.]  Defendants are entitled to 'sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' and a court that is unaware of its discretionary authority cannot exercise its informed discretion."  (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.)

If, however, though it misunderstood its discretion, the court nonetheless made some indication its ruling would not change even if it possessed said discretion, a remand is unnecessary.  "If the record shows that the trial court would not have exercised its discretion even if it believed it could do so, then remand would be an idle act and is not required."  (*People v. Sanders* (1997) 52 Cal.App.4th 175, 178, disapproved on another ground in *People v. Fuhrman* (1997) 16 Cal.4th 930, 947, fn. 11; see also *People v. Coelho* (2001) 89 Cal.App.4th 861, 888-890.)  If, for instance, the court articulated why a consecutive term was appropriate, this explanation would demonstrate the sentencing decision the court would have made had it known the full extent of its discretion.  This is

in keeping with the fact that "[t]he statutes and sentencing rules generally require the court to state 'reasons' for its discretionary choices on the record at the time of sentencing." (*People v. Scott* (1994) 9 Cal.4th 331, 349; see also Cal. Rules of Court, rule 4.425.)

"It is well established that a trial court has discretion to determine whether several sentences are to run concurrently or consecutively." (*People v. Bradford (*1976) 17 Cal.3d 8, 20; see also *People v. Rodriguez* (2005) 130 Cal.App.4th 1257, 1262.) This discretion stems from section 669, subdivision (a), which states: "When a person is convicted of two or more crimes, . . . the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively." (*Rodriguez*, at p. 1262 [absent an express statutory provision to the contrary, § 669 provides that a trial court shall impose either concurrent or consecutive terms for multiple convictions].) Some Penal Code provisions do identify circumstances in which a court must impose either a concurrent or a consecutive sentence for an offense (see §§ 654, 667.61, subd. (i), for example), but section 1170.15 is not one of them.

Here, at the sentencing hearing, the trial court indicated that it was "inclined to give one-third of the midterm, or one-year, and make it consecutive[,] [b]ecause the objective of this crime is independent of the objective of the other crimes." The court further noted that "[t]he other crimes were direct crimes of violence" and that "[t]his had the independent objective to prevent them from notifying the police, the victims." Thereafter, the court heard arguments from counsel and a statement from defendant. In

8

the course of the prosecutor's argument as to count 4 for dissuading a witness, the prosecutor noted, "I think, under the law that requires full and consecutive midterm." The court thereafter reviewed application of section 1170.15 to this case and heard further argument on the issue. The court eventually commented: ". . . I could easily give him midterm and run the other terms concurrent; right? We've all said the Court can consider the sentence with respect to other counts in making sure the Court avoids a non-just sentence. One of the overarching considerations the higher Courts have said is to avoid an unjust sentence. [¶] I feel, in light if everything I've heard on the case, seven years is an appropriate sentence, in light of his conduct. Rather than call it straight, give the upper term, and run everything concurrent. Say the Court gave him the upper term. That's great. [¶] I don't think that's legitimate. It's not the honest thing to do. [¶] I think, in light of what we saw here, in light of all of the evidence I heard that the appropriate sentence with respect to the rape charge is the low term. And yet, in light of the separate acts the court recognizes drew multiple separate acts of violence. Otherwise, the Court has discretion perhaps to run these things concurrent. There are other factors to apply, i.e., they occur in a short period of time so as to show the aberrant behavior. The Court is aware of those factors. [¶] In balancing and looking, and exercising the discretion of all those factors, and recognizing the numerous separate acts of violence, the Court chose to make those consecutive."

The court found that "[section] 136.1 came in context of [section] 273.5 [a separate felony]" and noted the law "does seem to suggest to the Court that it is a mandatory consecutive." The court also stated, "I think the Legislature very clearly

intended for that to be consecutive and full. It related to the first crime. It's specifically related to the first crime."

After reading defendant's sentencing memorandum and taking into account the prosecutor's argument, the trial court reconsidered its tentative sentence on count 4, noting, "The court must take into consideration the fact that [section] 136.1 says it shall be a fully consecutive middle term," and sentenced defendant to the full middle term of three years on count 4. In making its determination as to count 4, the court stated: ". . . Under the authority of [section] 1170.15, the Court's inclined to give the full middle term as prescribed for that offense. So the midterm would be three years. [¶] I'm inclined to make that consecutive, based on the fact that it appears to me that the objective of this crime was independent of the objective of the other crimes, as I specified previously. In that this involved the objective of preventing notifying law enforcement as opposed to the actual infliction of violence itself."

The court's statement here, in reliance on section 1170.15, that the crime of dissuading the victim would require a "mandatory," "full consecutive sentence" of the middle term of three years appears to be correct in the context of this case. The record shows that the trial court reviewed the law pertaining to section 1170.15. The plain language of section 1170.15 indicates that a sentencing court has discretion to impose either a concurrent sentence or a consecutive sentence where, as here, a defendant is convicted of a felony and a violation of section 136.1 against the same victim. Section 1170.15 does not appear to require the trial court to impose a consecutive term. Section 1170.15 is triggered *only* when the court chooses a consecutive sentence for the

10

conviction of section 136.1. In that event, the sentence must be the full middle term, not one-third of the middle term, as required by section 1170.1, subdivision (a). The court's comments show that it was aware it had the discretion to impose a concurrent term but instead chose to impose a consecutive term and cited reasons to do so. And, once the court exercised its discretion to impose a consecutive sentence for the dissuading a witness offense, section 1170.15 *required* the court to impose a full consecutive sentence on that count as noted by the court.

Section 1170.15 simply establishes a rule to be applied for determining the length of the subordinate consecutive sentence the court must impose for dissuasion if (1) the dissuasion was directed against a witness or victim of another felony for which the defendant is being sentenced, and (2) the court has chosen to exercise its discretion pursuant to section 669 to impose a consecutive sentence for the dissuasion offense. Thus, section 1170.15 only comes into play after the court has decided to sentence a defendant to a consecutive term. The record clearly demonstrates the trial court understood this when it imposed a consecutive full middle term of three years on the dissuading a witness count and articulated valid reasons for making the sentence consecutive. (See Cal. Rules of Court, rule 4.425 [stating criteria to be used in deciding to impose consecutive rather than concurrent sentences].)

Moreover, even if the trial court erred, the record is clear that a remand in this case is unnecessary. (See *People v. Coelho*, *supra*, 89 Cal.App.4th at p. 889.) The trial court repeatedly made statements indicating it would sentence defendant consecutively for the dissuading the victim even if it believed such a sentence was not mandatory and

11

articulated valid reasons to do so.  (See *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8 [where the sentencing court was unaware of the full scope of its sentencing discretion, a remand is required unless the court "clearly indicated" it would have imposed the same sentence had it been aware of the discretionary choices available].)

The record shows the court understood its sentencing discretion with respect to the dissuasion offense, and clearly demonstrates how the court would have sentenced defendant even if the court did not understand.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

RICHLI
J.

12