Filed 1/21/15  P. v. Gibbs CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAYME JOEL GIBBS,<br><br>    Defendant and Appellant. | D066856<br><br><br>(Super. Ct. No. FMB1100662) |

APPEAL from a judgment of the Superior Court of San Bernardino, Michael M. Dest, Judge.  Affirmed.

Daniel G. Koryn, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Jayme Joel Gibbs of attempted voluntary manslaughter (Pen. Code,[1] §§ 664 & 192, subd. (a)) as a lesser included offense of attempted murder and one count of false imprisonment by violence (§ 236). The jury found true allegations of personal infliction of great bodily injury as to each count (§ 12022.7, subd. (a)). The jury acquitted Gibbs of one count of criminal threats and one count of penetration by a foreign object.

The court sentenced Gibbs to a determinate term of eight years six months in prison.

Gibbs appeals contending the court erred in giving CALCRIM No. 371 regarding consciousness of guilt. He also contends the court erred in imposing a $280 restitution fine because at the time he committed the offenses the statutory minimum fine was $200, although it had been increased to $280 by the time of sentencing. Gibbs asks this court to reduce the fine to $200.

We will reject each of the contentions and affirm the judgment.

STATEMENT OF FACTS

Gibbs does not challenge either the admissibility or the sufficiency of the evidence that supports his convictions. Accordingly we will include only a summary of the facts at trial to provide context for the discussion which follows.

This is a strange set of facts. The victim, referred to here as Jane Doe, came to Gibbs's apartment in Twentynine Palms on December 28, 2011, selling magazine

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

subscriptions. Doe asked for a glass of water as a tactic to prolong the contact and thus improve the chances for a sale.

It is undisputed that after she entered the apartment Doe and Gibbs began drinking rum. They went to a liquor store and obtained a second bottle. After obtaining the second bottle it is also undisputed the two became "affectionate," engaging in kissing and touching and that at some point in the process they became naked. Gibbs attempted to orally copulate Doe and she pushed him away. The events that followed were disputed.

Doe testified that after she pushed Gibbs away he became aggressive. He dragged her into the bedroom by her ankles, threatened to kill and strangle her. He repeatedly beat her and she fought back.

Gibbs beat and strangled Doe until she passed out. When she awoke her hands were bound and tied to the bed. She was able to get one hand free. Doe then grabbed an object that was pierced into Gibbs's scrotum and ripped it out. She unsuccessfully tried to run away. She got hit on the head before she could unlock the door.

The next thing Doe remembered was waking up in the hospital.

The next door neighbor heard the loud noises and screams and called 911.

When Sheriff's deputies arrived they observed the blinds on Gibbs's apartment were broken and there were blood smears on the window. When deputies looked into the window they saw Gibbs naked and bloodied and Doe lying on the floor covered with blood and with leather straps on her ankles and wrist.

3

Defense

Gibbs testified that all of the sexual activity that took place inside the apartment was consensual. He testified they were drinking and that sexual activity followed. Gibbs said Doe repeatedly performed oral copulation on him. He said they used a variety of sexual toys and restraints, all of which Doe willingly used. Gibbs acknowledged Doe rejected his efforts to orally copulate her, but said it did not make him angry.

At some point Doe demanded that he buy a number of magazines and pay her $275. She got angry when he refused to buy magazines and yelled and screamed. In the process she returned to the couch and began playing with his scrotum. Then she ripped out the pierced object causing him great pain. Gibbs jumped up and hit Doe hard in the face with the heel of his hand.

Gibbs remembered that Doe grabbed a knife and brought it towards him and they struggled. He received cuts on his hand and chest. After that, Gibbs said he could not remember threatening to kill Doe, hitting her with a lamp, choking her with the lamp cord and had no memory of causing Doe's injuries. He did not recall talking to the deputies or to the paramedics at the apartment. The next thing he recalled was finding himself at the hospital.

DISCUSSION

I

*CALCRIM NO. 371*

At trial, the prosecution contended that Gibbs fabricated evidence about his inability to recall the serious events during the incident. It was argued that Gibbs was

4

fully conscious of what was going on when interviewed by deputies and paramedics and that he feigned being dazed and unable to speak. The prosecution introduced evidence from a paramedic to the effect that Gibbs responded to stimuli and that his eyes followed the persons that were talking to him. It was the paramedic's view that Gibbs could talk but would not do so. Based on its claim that Gibbs fabricated his inability to remember key events, the prosecution requested the court to give CALCRIM No. 371 in the jury's instructions. The court gave the instruction over defense objection.

## A. Legal Principles.

CALCRIM No. 371 provides: "If the defendant tried to create false evidence, that conduct may show that he was aware of his guilt. If you conclude that the defendant made such an attempt, it is up to you to decide its meaning and importance. However, evidence of such attempt cannot prove guilt by itself."

An instruction like CALCRIM No. 371 can be given to a jury where there is some evidence in the record that, if believed by a jury, would support the suggested inference. (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 102.) On the other hand, an instruction on fabricating evidence should not be given where the basis of the instruction is simply speculation by the prosecution and is without evidentiary basis in the record. (*People v. Morris* (1988) 46 Cal.3d 1, 21.)

## B. Analysis

In this case there is clearly sufficient evidence in the record to support the instruction. Gibbs remembered substantial detail about the events of the crime, except for the major issues. He could not remember the choking, dragging Doe by her ankles or

5

how the blinds were broken or how Doe was severely injured. The testimony of the paramedic about Gibbs's response to stimuli and his apparent alertness was plainly at odds with his claim of remembering nothing of the events after police arrived or his physical presentation as being "blacked out."

Of course the important question is not whether the jury believed the prosecution's evidence, but rather was there some evidence from which the jury could have concluded Gibbs was attempting to fabricate a mental state of semiconsciousness. The instruction is entirely permissive. It leaves to the jury the question of whether there was an attempt to fabricate. Then, only if the jury finds such attempt, the instruction advises the jury may weigh the evidence but cannot convict on such evidence alone. We are satisfied that on this record there was sufficient evidentiary basis for the instruction and that the record does not support any inference of prejudice to Gibbs.

II

*RESTITUTION FINE*

At the time of the current offenses in 2011 section 1202.4, subdivision (b) provided that restitution fines should range from a minimum of $200 to $10,000. On January 1, 2013, the minimum fine was increased to $280. (Stats. 2011, ch. 358, § 1, p. 4009.) At the sentencing in this case which occurred in 2013, the court imposed a restitution fine of $280. The defense did not object to the fine and there was no discussion of the fine during the sentencing hearing.

Gibbs now contends, for the first time on appeal that the fine was unlawfully imposed. He contends the fine of $280 must have been imposed because the court was

6

unaware the lower minimum applied to a 2011 crime. Thus he contends the fine is either an ex post facto imposition of a punishment greater than the law permitted in 2011 or that the fine was unauthorized. We find the issue has been forfeited by failure to raise it in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 356-358.)

First, the maximum fine authorized in 2011 was $10,000. Thus whatever fine was imposed here was well under the maximum available. Thus the fine was not an "unauthorized punishment," nor does it amount to an ex post facto increase in punishment. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.)

On the face of the record the fine imposed is lawful for a crime committed in 2011. By failing to address the issue in the sentencing court, the appellant has left us with a record devoid of any explanation for the court's decision to select a $280 fine. We cannot speculate that the court was unaware of its obligations under the statute or that it was unaware of the difference between the 2011 and 2013 statutory minimum fines. We are not permitted to presume error, it is the appellant's burden to demonstrate error in the record on appeal. (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.) In the absence of anything to the contrary, we presume the trial court was aware of and properly applied the law. (*People v. Stowell* (2003) 31 Cal.4th 1104, 1114; Evid. Code, § 664.) Based upon the record before us we find Gibbs has forfeited any challenge to the $280 restitution fine.

DISPOSITION

The judgment is affirmed.


                                                        HUFFMAN, J.

WE CONCUR:


    McCONNELL, P. J.


        AARON, J.