Filed 9/16/24  P. v. Rushin CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAMON GERALD RUSHIN,<br><br>    Defendant and Appellant. | C099365<br><br>(Super. Ct. Nos. 20FE005337, 22FE012374) |

A jury convicted defendant Damon Gerald Rushin of cruelty to an animal.  In a separate case defendant pleaded no contest to unlawfully possessing methamphetamine while armed with a firearm and taking and driving a vehicle without the owner's consent.  The trial court sentenced defendant to an aggregate prison term of 10 years eight months.

Defendant now contends (1) the trial court should not have relied on the animal's vulnerability as an aggravating circumstance in imposing a consecutive sentence on the animal cruelty conviction, and (2) if his contention is forfeited for failure to object in the trial court, his trial counsel provided ineffective assistance.

1

We conclude (1) the record does not support defendant's challenge to the consecutive sentence, and (2) because we exercise our discretion to address the first contention on the merits, we need not address defendant's ineffective assistance claim. We will affirm the judgment.

BACKGROUND

In case No. 22FE012374, the jury found defendant guilty of cruelty to an animal. The jury also found true an allegation that the victim was particularly vulnerable. Following the trial, defendant pleaded no contest in case No. 20FE005337 to unlawfully possessing methamphetamine while armed with a loaded, operable firearm, and to taking and driving a vehicle without the owner's consent. Defendant admitted a prior serious felony conviction.

The trial court sentenced defendant in both cases, explaining its reasoning and sentence as follows:

"All right. The Court has, as counsel knows, sat through the trial in this case. It was a very disturbing case, to say the least. While the pain and suffering inflicted upon [the dog] was not, I would say, a form of active abuse, it was severe neglect. And [defendant]'s conduct allowed the dog to suffer needlessly from neglect.

"While I agree that the pendulum is swinging towards rehabilitation, it is clear from [defendant's] record, as I pointed out earlier, that he has not taken the opportunity to attempt to rehabilitate himself notwithstanding the three prior prison terms he has served.

"In imposing these midterm sentences the Court has considered, in the [cruelty to an animal] case, the jury's finding that the victim was particularly vulnerable in violation of [California Rules of Court, rule] 4.421(a)(3) to be true. The Court has also considered the circumstances in aggravation alleged in [the methamphetamine and vehicle theft] case.

2

"[Defendant] is statutorily ineligible for probation pursuant to Penal Code [s]ections 667[, subdivision] (c)(2) and 1170.12[, subdivision] (a)(2); therefore, state prison sentence is mandatory.

"It is the [judgment] and sentence of this court that as to [the possession of methamphetamine offense], [defendant] shall be committed to state prison for the midterm of three years, doubled to six years pursuant to Penal Code [s]ections 667[, subdivision] (e)(1) and 1170.12[, subdivision] (c)(1). The Court designates this count to be the principal term.

"As to [the driving or taking a vehicle without consent offense], [defendant] shall be committed to state prison for one-third the midterm of 8 months doubled to 16 months pursuant to [s]ections 667[, subdivision] (e)(1), and 1170.12[, subdivision] (c)(1) of the Penal Code.

"As to [the cruelty to an animal offense], [defendant] shall be committed to state prison for one-third the midterm, 8 months, doubled to 16 months pursuant to Penal Code [s]ection[s] 667[, subdivision] (e)(1) and 1170.12[, subdivision] (c)(1).

"As a Penal Code [s]ection 12022.1 allegation was found true or admitted as to each docket, only one may be imposed as the defendant was arrested while out on bail on only one occasion. Therefore, an additional 2-year consecutive term is imposed. The Court imposes consecutive sentences because the crimes were committed at different times or separate places pursuant to [California] Rule[s] of Court[, rule] 4.425(a)(3).

"The aggregate state prison term shall be 10 years, 8 months."

DISCUSSION

I

Defendant contends the trial court should not have relied on the dog's vulnerability as an aggravating circumstance in imposing a consecutive sentence on the animal cruelty conviction. The record does not support his contention.

A trial court's decision is presumed to be correct, and the appealing party must affirmatively demonstrate error on the face of the record. (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.) Unless shown otherwise, we interpret the record in the light most favorable to the judgment. (*People v. Garcia* (1997) 56 Cal.App.4th 1349, 1357.)

Defendant has not established that the trial court imposed a consecutive sentence because of the dog's vulnerability. The trial court stated expressly that it imposed a consecutive sentence because the crimes were committed at different times or separate places. (Cal. Rules of Court, rule 4.425(a)(3).) Although the trial court mentioned the dog's vulnerability earlier in the hearing, there is no indication the reference had any connection to the imposition of a consecutive sentence. Defendant's contention lacks merit.

## II

Defendant further contends that if his challenge to the consecutive sentence is forfeited for failure to object in the trial court, his trial counsel provided ineffective assistance. Because we have exercised our discretion to address the first contention on the merits, we need not address defendant's ineffective assistance claim.

## DISPOSITION

The judgment is affirmed.

/S/
MAURO, J.

We concur:

/S/
ROBIE, Acting P. J.

/S/
DUARTE, J.

4