Filed 12/7/15  P. v. Murrieta CA

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>VINCENT SABLAN MURRIETA,<br><br>    Defendant and Appellant. | H042031<br>(Santa Clara County<br>Super. Ct. No. C1233066) |

Appellant Vincent Sablan Murrieta appeals from an order denying his petition for Proposition 47 resentencing.  On appeal, appellant contends that the trial court erred in ruling that he was ineligible for resentencing.

## BACKGROUND

On May 24, 2012, the Santa Clara County District Attorney filed a complaint charging appellant with vehicle theft with a prior conviction (Veh. Code, § 10851, subd. (a)/Pen. Code, § 666.5; count 1) and making or altering a key with knowledge that it would be used in the commission of a crime (Pen. Code, § 466; count 2).  The complaint alleged one prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i)/1170.12) and one prior prison term (Pen. Code, § 667.5, subd. (b)).

On August 23, 2012, appellant pleaded no contest to vehicle theft with a prior conviction (Veh. Code, § 10851, subd. (a)/Pen. Code, § 666.5).  Appellant admitted one

prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i)/1170.12) and one prior prison term (Pen. Code, § 667.5, subd. (b)).  Count two was dismissed.

At the sentencing hearing on October 9, 2012, the trial court sentenced appellant to four years in prison for the vehicle theft.  The trial court struck the punishment for the prior prison term pursuant to Penal Code section 1385.

On January 8, 2015, appellant filed a petition for resentencing under Proposition 47 (Pen. Code, § 1170.18).  The petition requested recall of the felony sentence for the vehicle theft and resentencing as a misdemeanor.

On February 17, 2015, the trial court denied appellant's petition for resentencing. In denying the petition, the trial court explained:  "[Section] 10851 of the Vehicle Code is not one of the offenses enumerated in the resentencing provisions of [Penal Code section] 1170.18, or affected by the amendments or additions to the Penal Code under Proposition 47.  [¶] And for that reason, I find the defendant is ineligible for the requested relief and the petition is denied."

## DISCUSSION

Appellant contends that the trial court erred in finding him ineligible for Proposition 47 resentencing.  His argument is twofold.  He first asserts that "the voters intended all thefts involving property valued under $950 to be treated as misdemeanors." (Italics omitted.)  He next asserts that it violates equal protection principles to deny misdemeanor sentencing to a conviction for "stealing a vehicle worth less than $950." As explained below, we must affirm.

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  Proposition 47 "reduced the penalties for a number of offenses."  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879  (*Sherow*).  Appellant's argument relies on Penal Code section 490.2, which was added by Proposition 47.  Penal Code section 490.2 provides, in

2

pertinent part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (Pen. Code, § 490.2, subd. (a).)

Penal Code section 1170.18, which was also added by Proposition 47, "creates a process where persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 879.) Penal Code section 1170.18 specifies that a person may petition for resentencing in accordance with Penal Code section 490.2. (Pen. Code, § 1170.18, subd. (a).)

"[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 878.) The petitioner for resentencing has the "initial burden of proof" to "establish the facts[] upon which his or her eligibility is based." (*Id.* at p. 880.) If the crime under consideration is a theft offense, " 'the petitioner will have the burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id.* at p. 879.) In making such a showing, "[a] proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken." (*Id.* at p. 880.) If the petition makes a sufficient showing, the trial court "can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid.*)

"Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) "The very settled rule of appellate review is a trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate

3

error on the face of the record." (*People v. Davis* (1996) 50 Cal.App.4th 168, 172 (*Davis*).)

Here, appellant's entire argument is premised on the assumption that the vehicle he stole was valued at $950 or less. He presented no facts or evidence in his resentencing petition, however, to show that the vehicle was worth $950 or less. Nor does the record of appellant's conviction contain any evidence showing that the vehicle was valued at $950 or less. Given that nothing in the record before us shows that the vehicle was worth $950 or less, appellant has failed to demonstrate error, and we must affirm.

Appellant contends that he made a sufficient "initial showing of eligibility" for resentencing. His contention relies on the complaint, which alleged theft of a "1992 Mazda B220" on "May 22, 2012." Because the complaint showed the Mazda "was 20 years old" at the time of the taking, appellant contends that it is a "reasonable inference" to assume that "its value was less than $950." Appellant's speculation regarding the value of the stolen vehicle is insufficient to satisfy the "initial burden of proof" to "establish the facts" upon which eligibility for resentencing is based. (*Sherow, supra,* 239 Cal.App.4th at p. 880.) Appellant's speculation regarding the value of the stolen vehicle also is insufficient to meet the burden to "affirmatively demonstrate error on the face of the record." (*Davis, supra,* 50 Cal.App.4th at p. 172.)

In sum, because nothing in the record before us shows that the stolen vehicle was worth $950 or less, appellant has failed to demonstrate error, and we must affirm. We will affirm without prejudice. We note that a petition containing a declaration regarding the value of the stolen vehicle could be sufficient to set the resentencing matter for hearing. (See *Sherow, supra,* 239 Cal.App.4th at p. 880 [a proper resentencing petition "could certainly contain at least" the petitioner's testimony about the stolen item, and on a sufficient showing the trial court "can take such action as appropriate to grant the petition or permit further factual determination"].)

4

**DISPOSITION**

The order denying the petition for resentencing is affirmed without prejudice to subsequent consideration of a petition that demonstrates a stolen vehicle valued at $950 or less.

_____

                    RUSHING, P.J.


WE CONCUR:



_____

          PREMO, J.



_____

          MÁRQUEZ, J.