Filed 2/22/16  P. v. Frias CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FRANCISCO JAVIER FRIAS,<br><br>    Defendant and Appellant. | H041938<br>(Santa Clara County<br> Super. Ct. No. C1368415) |

Appellant Francisco Javier Frias appeals from an order denying his petition for Proposition 47 resentencing.  On appeal, appellant contends that the trial court erred in ruling that he was ineligible for Proposition 47 relief, and he alternatively contends that he received ineffective assistance of counsel at the Proposition 47 hearing.

**BACKGROUND**

A felony complaint, filed on October 24, 2013, charged appellant with the following offenses:  first degree burglary (Pen. Code, §§ 459/460, subd. (a); count 1); grand theft of personal property of a value over $950 (Pen. Code, §§ 484/487, subd. (a); count 2); and buying, receiving, concealing, or withholding stolen property (Pen. Code, § 496, subd. (a); count 3).  The complaint described the property involved in count 2 as "GPS, sunglasses, ipod touch, backpack, bluetooth, binoculars, electronic cables, and a radio," and it described the property involved in count 3 as "GPS, sunglasses, ipod touch, backpack, bluetooth, binoculars, electronic cables, and a radio."  The complaint alleged a

prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i))/1170.12), a prior serious felony conviction (Pen. Code, § 667, subd. (a)), and two prior prison terms (Pen. Code, § 667.5, subds. (a) & (b)).

On March 4, 2014, appellant pleaded no contest to count 3, a violation of Penal Code section 496, subdivision (a). Appellant admitted a prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i))/1170.12) and one prior prison term (Pen. Code, § 667.5, subd. (b)). The remaining charges and allegations were dismissed. On May 23, 2014, the trial court sentenced appellant to five years in prison.

On December 11, 2014, appellant filed a petition for Proposition 47 resentencing. The petition requested recall of appellant's felony sentence and resentencing as a misdemeanor. The petition contained no facts or evidence regarding the value of the property involved in appellant's offense.

The trial court denied appellant's resentencing petition on January 12, 2015. Before issuing its ruling, the trial court stated: "In this matter, the value of the stolen property appears to be well in excess of $950. The items in the subject count, Count Three, are listed identically to those in the count that was dismissed as part of the plea bargain, Count Two, which is in excess of $950." After this comment, the trial court asked, "Does either party have anything further?" The prosecutor and appellant's attorney both said no. The trial court then stated: "The petition is denied. [Appellant] is ineligible."

## DISCUSSION

Appellant contends that we must reverse the order denying resentencing because the trial court erred in finding him ineligible for Proposition 47 relief. He alternatively asserts that we must reverse because he received ineffective assistance of counsel. As set forth below, we must affirm.

2

*Appellant Has Failed to Show that the Trial Court Erred in Finding Him Ineligible for Resentencing*

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 "reduced the penalties for a number of offenses." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*)).

Proposition 47 amended Penal Code section 496, the statute under which appellant was convicted. As pertinent here, Penal Code section 496 now provides: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, *if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year . . . .*" (Pen. Code, § 496, subd. (a), italics added.)

Penal Code section 1170.18, which was added by Proposition 47, "creates a process where persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 879.) Penal Code section 1170.18, subdivision (a) specifies that a person may petition for resentencing in accordance with the amended version of Penal Code section 496.

"As an ordinary proposition: 'A party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting.' [Citations.]" (*Sherow, supra,* 239 Cal.App.4th at p. 879.) Thus, "a petitioner

for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Id.* at p. 878.) The petitioner for resentencing has the "initial burden of proof" to "establish the facts . . . upon which his or her eligibility is based." (*Id.* at p. 880.) " 'If the crime under consideration is a theft offense under [Penal Code] sections 459.5, 473, 476a, 490.2 or 496, the petitioner will have the burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id.* at p. 879.) In making such a showing, "[a] proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken." (*Id.* at p. 880.) If the petition makes a sufficient showing, the trial court "can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid.*)

"Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) "The very settled rule of appellate review is a trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate error on the face of the record." (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.)

Here, appellant's claim of error is based on the assumption that the property involved in his offense was valued at $950 or less. Appellant's Proposition 47 petition, however, did not contain any facts or evidence showing that the value of the property was $950 or less. Nor does the record of appellant's conviction contain any evidence showing a value of $950 or less. Appellant thus did not meet his burden of proving the value of the property was $950 or less, and nothing in the record supports appellant's theory that the property was worth $950 or less. Given that nothing before us shows that the value of the property was $950 or less, appellant has failed to demonstrate that the trial court erred in finding him ineligible for Proposition 47 relief.

4

Appellant contends that it would violate due process principles to affirm based on the lack of evidence showing that the property was worth $950 or less.  He asserts that such a holding would violate his "due process right to present briefing to the trial court" on the issue of value.  Appellant's argument is unavailing.  Appellant had an opportunity to present briefing to the trial court on the issue of value.  His Proposition 47 petition could have contained facts, evidence, and arguments regarding the value of the property, but the petition was devoid of any such facts, evidence, or arguments.  (See *Sherow, supra,* 239 Cal.App.4th at p. 880 [a "proper petition could certainly contain at least" the petitioner's testimony about the stolen item].)  Because appellant had an opportunity to be heard on the issue of value, his due process argument fails.

***Appellant Has Failed to Establish Ineffective Assistance of Counsel***

Appellant contends that his attorney at the Proposition 47 hearing "was ineffective by failing to object to the [trial] court's factual determination on the value of the property at issue."  (Capitalization omitted.)  Appellant emphasizes that counsel should have presented "facts or argument" to show that the property was valued at $950 or less.  Appellant has failed to show ineffective assistance of counsel.

Appellant bears the burden of proving ineffective assistance of counsel.  (*People v. Carter* (2003) 30 Cal.4th 1166, 1211.)  "To prevail on an ineffective assistance of counsel claim, appellant must prove two elements:  (1) trial counsel's deficient performance and (2) prejudice as a result of that performance."  (*People v. Martinez* (2014) 226 Cal.App.4th 1169, 1189, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687.)  When the issue is raised on appeal, ineffective assistance must be established "based upon the four corners of the record."  (*People v. Cunningham* (2001) 25 Cal.4th 926, 1003 (*Cunningham*).)  "A factual basis, not speculation, must be established before reversal of a judgment may be had on grounds of ineffective assistance of counsel."  (*People v. Williams* (1988) 44 Cal.3d 883, 933.)

5

Here, appellant cannot show prejudice on the four corners of the record. Appellant suffered prejudice only if the property involved in his offense was valued at $950 or less. (See generally *Cunningham, supra,* 25 Cal.4th at p. 1003 [prejudice exists if "there is a reasonable probability that defendant would have obtained a more favorable result absent counsel's shortcomings"].) As explained above, however, nothing in the record shows that the property was worth $950 or less. Because nothing in the record shows a value of $950 or less, it would be improper speculation to conclude that appellant was prejudiced by counsel's failure to object and argue that the property was worth $950 or less. On this record, we cannot find prejudice, and appellant's claim of ineffective assistance of counsel fails.

Appellant contends that counsel rendered ineffective assistance by failing to argue that determination of eligibility for Proposition 47 resentencing is "limited to the record of conviction" and by failing to argue that the trial court must "presume" the value of property is less than $950 when the record of conviction is silent on the issue of value. Appellant's contention is meritless. The petitioner bears the burden of proving eligibility for Proposition 47 resentencing, and the petitioner may present new evidence—such as a declaration or other testimony—to establish such eligibility. (*Sherow, supra,* 239 Cal.App.4th at pp. 879-880.) Counsel thus was not deficient in refraining from presenting the arguments espoused by appellant.

### *We Affirm Without Prejudice*

In sum, appellant has failed to demonstrate error, and we therefore must affirm. We will affirm without prejudice. We note that a petition containing a declaration regarding the value of the stolen property could be sufficient to set the resentencing matter for hearing. (See *Sherow, supra,* 239 Cal.App.4th at p. 880 [a proper resentencing petition "could certainly contain at least" the petitioner's testimony about the stolen item,

and on a sufficient showing the trial court "can take such action as appropriate to grant the petition or permit further factual determination"].)

## DISPOSITION

The order denying the petition for resentencing is affirmed without prejudice to subsequent consideration of a petition that demonstrates stolen property valued at $950 or less.

_____

RUSHING, P.J.

WE CONCUR:

_____

MÁRQUEZ, J.

_____

GROVER, J.

8