Filed 2/23/16  P. v. Cortinas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MIGUEL CORTINAS,<br><br>    Defendant and Appellant. | H042043<br>(Santa Clara County<br> Super. Ct. No. C1370576) |

Appellant Miguel Cortinas appeals from an order denying his petition for Proposition 47 resentencing.  On appeal, appellant contends that the trial court erred in ruling that he was ineligible for Proposition 47 relief, and he alternatively contends that he received ineffective assistance of counsel at the Proposition 47 hearing.

### BACKGROUND

On May 19, 2014, appellant pleaded no contest to buying or receiving a stolen motor vehicle (Pen. Code, § 496d),[1] and he admitted a prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i))/1170.12).  On July 14, 2014, the trial court sentenced appellant to 32 months in prison for his offense.

---

[1] The complaint to which appellant pleaded no contest described the vehicle involved in the offense as "a 1992 Honda Accord," and it asserted that the offense occurred "[o]n or about December 1, 2013."

On January 8, 2015, appellant filed a petition for Proposition 47 resentencing. The petition requested recall of appellant's felony sentence and resentencing as a misdemeanor. In support of the petition, appellant submitted a brief that contended that Proposition 47 requires misdemeanor sentencing for violation of Penal Code section 496d where the value of the vehicle "does not exceed $950." The brief contained no facts or evidence showing that the vehicle involved in appellant's offense was valued at $950 or less.

The trial court held a hearing on appellant's Proposition 47 petition on February 17, 2015. At the beginning of the hearing, appellant's counsel stated: "I have submitted a brief about the eligibility of 496d of the Penal Code. [¶] I'm prepared to submit it on the arguments in that brief." The prosecutor responded by stating that Penal Code section 496d "is ineligible" for Proposition 47 resentencing. The prosecutor additionally argued: "Regardless, the vehicle in this case had a value . . . well over $950. In fact the latest Blue Book shows that the vehicle was worth in the range of 1,300 to $2,100." Immediately after the prosecutor's comments, the trial court denied appellant's Proposition 47 petition. The trial court explained that appellant was "ineligible for the requested relief" because Penal Code section 496d "is not one of the offenses subject to the provisions of" Proposition 47. The trial court also noted that the vehicle involved in appellant's offense appeared to have a value "in excess of $950."

## DISCUSSION

Appellant contends that we must reverse the order denying resentencing because the trial court erred in finding him ineligible for Proposition 47 resentencing. Appellant raises three arguments to support his contention that the trial court erred in finding him ineligible for Proposition 47 resentencing: 1) the voters intended that "[Penal Code] section 496d should be considered a misdemeanor . . . as long as the vehicle is worth less than $950," 2) it violates equal protection principles to deny misdemeanor sentencing to a

2

Penal Code section 496d conviction involving a vehicle "valued at less than $950," and 3) the trial court was prohibited from considering the Blue Book value proffered by the prosecution because it was evidence outside of the record of conviction. Alternatively, appellant contends that we must reverse because his counsel rendered ineffective assistance in failing to object to the trial court's consideration of the Blue Book value. As set forth below, we must affirm.

***Legal Principles***

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).) Proposition 47 "reduced the penalties for a number of offenses." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*)). "Proposition 47 makes certain drug- and theft-related offenses misdemeanors . . . . These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Rivera, supra,* 233 Cal.App.4th. at p. 1091.)

Appellant relies on Penal Code section 490.2, which was added by Proposition 47. Appellant asserts that Penal Code section 490.2 "implicitly" requires misdemeanor sentencing for violations of Penal Code section 496d. Penal Code section 490.2 provides, in pertinent part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (Pen. Code, § 490.2, subd. (a).)

Penal Code section 1170.18, which was also added by Proposition 47, "creates a process where persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 879.) Penal Code section 1170.18

3

specifies that a person may petition for resentencing in accordance with Penal Code section 490.2. (Pen. Code, § 1170.18, subd. (a).)

"[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 878.) The petitioner for resentencing has the "initial burden of proof" to "establish the facts[] upon which his or her eligibility is based." (*Id.* at p. 880.) If the crime under consideration is a theft-related offense, " 'the petitioner will have the burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id.* at p. 879.) In making such a showing, "[a] proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken." (*Id.* at p. 880.) If the petition makes a sufficient showing, the trial court "can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid.*)

"Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) "The very settled rule of appellate review is a trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate error on the face of the record." (*People v. Davis* (1996) 50 Cal.App.4th 168, 172 (*Davis*).)

### *Appellant has Failed to Show Trial Court Error or Ineffective Assistance of Counsel*

Appellant's claim that the trial court erred in finding him ineligible for Proposition 47 resentencing is premised on the assumption that the vehicle involved in his offense was worth $950 or less. During the Proposition 47 proceedings, however, appellant did not cite any facts or offer any evidence showing that the vehicle was worth $950 or less. Nor does the record of appellant's conviction contain any evidence showing that the vehicle was valued at $950 or less. Indeed, appellant's appellate briefs

4

do not even attempt to identify any evidence that shows the vehicle was worth $950 or less. Given the absence of any facts or evidence showing that the vehicle involved in his offense was valued at $950 or less, appellant has failed to demonstrate that the trial court erred in finding him ineligible for Proposition 47 relief. (See *Davis, supra,* 50 Cal.App.4th at p. 172 [a trial court order is presumed to be correct, and the appealing party must affirmatively demonstrate error on the face of the record].)

We note that the record before us actually suggests that the value of the vehicle exceeded $950. At the Proposition 47 hearing, the prosecutor pointed out that "the latest Blue Book shows that the vehicle was worth in the range of 1,300 to $2,100." Appellant's contention that the trial court was prohibited from considering such evidence of Blue Book value—which is outside the record of conviction—does not persuade us to find trial court error. The trial court may consider evidence outside of the record of conviction when determining whether a petitioner is eligible for Proposition 47 resentencing. (See *Sherow, supra,* 239 Cal.App.4th at p. 880 [when determining eligibility for Proposition 47 relief, the trial court may consider new testimony presented in the petition].) Thus, contrary to appellant's assertion, we do not believe that the trial court was prohibited from considering Blue Book value. In any event, our conclusion regarding the absence of trial court error in the eligibility determination is not dependent on the Blue Book value proffered by the prosecutor. Appellant had the burden of proving he was eligible for Proposition 47 resentencing, but he failed to present any evidence or cite any facts showing that the vehicle involved in his offense was worth $950 or less. Because appellant's claim that the trial court erred in finding him ineligible for resentencing is premised on the assumption that the vehicle involved in his offense was worth $950 or less, we cannot find trial court error on this record that contains no evidence showing that the vehicle was valued at $950 or less.

5

Finally, appellant has failed to demonstrate ineffective assistance of counsel. Appellant contends that his "counsel's failure to object to the trial court's consideration of evidence outside the record of conviction," namely the Blue Book value of the vehicle involved in appellant's offense, "constituted ineffective assistance of counsel." (Capitalization omitted.) Appellant emphasizes that "[c]ompetent counsel would have known . . . that in this resentencing context a trial court cannot make factual findings on information that is beyond what is in the record of conviction." Appellant's argument is meritless. As we explained above, the trial court may consider evidence outside of the record of conviction when determining whether a petitioner is eligible for Proposition 47 resentencing. (See *Sherow, supra,* 239 Cal.App.4th at p. 880].) Thus, appellant's counsel was not deficient in failing to object to the Blue Book value on the ground that it was outside of the record of conviction. (See *People v. Mitcham* (1992) 1 Cal.4th 1027, 1080 [counsel's "failure to make a meritless objection does not constitute deficient performance."].)

## DISPOSITION

The order denying resentencing is affirmed.

6

_____
RUSHING, P.J.

WE CONCUR:

_____
MÁRQUEZ, J.

_____
GROVER, J.

7