Filed 8/19/16  P. v. Leyva CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>             v.<br><br>ANDRES ISAIAH LEYVA,<br><br>      Defendant and Appellant. | G051525<br><br>(Superior Court Nos. 12NF0574,<br>                              14NF1396)<br><br>O P I N I O N |

Appeal from orders of the Superior Court of Orange County, Thomas A. Glazier, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Andres Isaiah Leyva pleaded guilty to several felony counts of grand theft under Penal Code section 484e, subdivisions (a) and (d) (all statutory references are to Penal Code unless otherwise designated). Leyva contends the trial court erred by denying his petition to have the convictions reduced to misdemeanors under Proposition 47 (§ 1170.18). For the reasons expressed below, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

In August 2012, Leyva waived his rights and pleaded guilty (OC case No. 12NF0574) to three counts of unlawfully selling, transferring or conveying an access card (§ 484e, subd. (a) [counts 3, 12, 22]) and two counts of vehicle taking (Veh. Code, § 10851, subd. (a) [counts 9, 19]). On the counts involving an access card, Leyva provided the following factual basis: "On [October 6, 7 and 11], 2011[,] I did use an access card without consent of the card owner with the intent to defraud." He also admitted suffering a prior conviction within the meaning of section 667.5, subdivision (b). Leyva agreed to a split sentence of three years in custody and three years of mandatory supervision.

In October 2013, Leyva admitted violating the terms of his mandatory supervision, and the trial court imposed 115 days in custody to run concurrently with a term imposed in another case (OC case No. 11NF3104). Leyva's probation officer filed a second violation petition in January 2014 based on a December 2013 arrest for driving while intoxicated and with a suspended license (Veh. Code, §§ 23152, subd. (a), 14601.1, subd. (a)).

In April 2014, Leyva waived his rights and pleaded guilty (OC case No. 14NF1396) to one count of unlawfully acquiring or retaining possession of access card information (§ 484e, subd. (d)). He also admitted suffering two prior convictions within the meaning of section 667.5, subdivision (b). Leyva provided the following factual basis: "On [March 24, 2014], I willfully, unlawfully, [and] knowingly acquired [and]

2

retained possession of access card account information, regarding an access card validly issued to Truong L., without his consent or the issuer's consent, with the intent to use the access card information fraudulently." The trial court imposed a three-year term comprised of the two-year midterm for the access card conviction and a consecutive one-year term for the prior conviction. The court struck punishment for the other prior conviction. Leyva admitted he violated the terms of his mandatory supervision in case No. 12NF0574. The court ordered him to serve 780 days, the term ostensibly remaining in case No. 12NF0574, to be served concurrently with the term in the current case.

In December 2014, Leyva filed an application in case No. 14NF1396 to recall and reduce to a misdemeanor his section 484e, subdivision (d), conviction. In January 2015, he filed an amended application in case No. 12NF0574 to recall and reduce to misdemeanors his three section 484e, subdivision (a), convictions. He asked the court to set aside the resulting misdemeanor convictions and dismiss the accusatory pleadings (§ 1203.4a). The district attorney opposed the applications on the grounds the convictions did not qualify for reduction under Proposition 47. In February 2015, the trial court denied the applications.

## II

### DISCUSSION

Leyva contends the trial court erred when it concluded Leyva's convictions for fraudulently selling or transferring an access card (§ 484e, subd. (a)) and for acquiring or retaining possession of access card account information (§ 484e, subd. (d)) were categorically ineligible for reduction to misdemeanors. We agree with the trial court that section 484e, subdivision (a), does not qualify for misdemeanor reduction. We need not discuss Leyva's contention that section 484e, subdivision (d), priors were eligible for misdemeanor treatment because Leyva failed to show his possession of access card account information was worth $950 or less, a necessary requirement to obtain relief under section 490.2.

3

Section 1170.18 (added by Proposition 47, the Safe Neighborhoods and Schools Act) provides "(a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350 [possession of designated controlled substances], 11357 [possession of marijuana and concentrated cannabis], or 11377 [possession of designated controlled substances] of the Health and Safety Code, or Section 459.5 [shoplifting as defined], 473 [forgery], 476a [making, drawing, uttering checks, drafts or orders], 490.2 [theft of $950 or less], 496 [receiving stolen property], or 666 [petty theft by sex offenders or persons with prior violent or serious convictions] of the Penal Code, as those sections have been amended or added by this act."

Section 490.2 provides, "(a) Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."

Section 484e provides "(a) Every person who, with intent to defraud, sells, transfers, or conveys, an access card, without the cardholder's or issuer's consent, is guilty of grand theft. [¶] . . . [¶] (d) Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft." (See *People v. Butler* (1996) 43 Cal.App.4th 1224, 1233 [one

who acquires information pertaining to another's access card account information without consent and with the intent to defraud is guilty of grand theft]; see also *People v. Molina* (2004) 120 Cal.App.4th 507, 511 [possession of another's cancelled credit card constitutes possession of access card account information].)

Leyva's convictions in case No. 12NF0574 for violating section 484e, *subdivision (a)*, are not subject to reduction under section 1170.18. Section 484e, subdivision (a), proscribes *selling, transferring, or conveying access cards* without consent and with intent to defraud. (See *People v. Cordell* (2011) 195 Cal.App.4th 1564, 1577 ["Legislature differentiated between crimes that involve the fraudulent selling, transferring or conveying of an access card, and those that involve the fraudulent 'use' of an access card"].) Section 490.2 provides for reduction in grand theft cases where the offense involves the "obtaining" of property by theft where the value does not exceed $950. Section 484e, subdivision (a), does not require theft of the account information. Mere possession of access card information without permission and with the intent to defraud violates the statute. Because Leyva's section 484e, subdivision (a), convictions did not involve obtaining property by theft, section 490.2 does not authorize reduction to misdemeanors.

Leyva also asks us to declare that a conviction under section 484e, subdivision (d), should be reclassified as a misdemeanor under section 490.2.[1] But Leyva, however, failed to establish the access account information he possessed was worth $950 or less.

---

[1]     We note this issue is pending review in the Supreme Court. (*People v. Thompson* (2015) 243 Cal.App.4th 413, review granted Mar. 9, 2016, S232212; *People v. King* (2015) 242 Cal.App.4th 1312, review granted Mar. 9, 2016; *People v. Romanowski* (2015) 242 Cal.App.4th 151, review granted Jan. 20, 2016, S231405; *People v. Cuen* (2015) 241 Cal.App.4th 1227, review granted Jan. 20, 2016, S231107; *People v. Grayson* (2015) 241 Cal.App.4th 454, review granted Jan. 20, 2016, S231757.)

5

"As an ordinary proposition: '"A party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting."' [Citations.]" (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*).) Thus, "a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Id.* at p. 878.) The petitioner for resentencing has the "initial burden of proof" to "establish the facts[ ] upon which his or her eligibility is based." (*Id.* at p. 880.) If the crime under consideration is a theft offense, "'the petitioner will have the additional burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id.* at p. 879.) If the petition makes a sufficient showing, the trial court "can take such action as appropriate to grant the petition or permit further factual determination." (*Id.* at p. 880.) "Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) "The very settled rule of appellate review is a trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate error on the face of the record." (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.)

Nothing in the record shows the access card account information acquired or retained by Leyva was worth $950 or less. The facts drawn from the preliminary hearing transcript show that on March 24, 2014, an Anaheim police officer stopped a car Leyva drove because he did not display a rear license plate. Leyva did not stop the car immediately and made furtive movements. Leyva misidentified himself as Gasparian Hovanes. The officer searched the car and found checks, over 200 credit cards, copies of driver's licenses, social security cards, identification cards, and similar items, none in Leyva's name, and many in the name of Gasparian Hovanes. Smudge marks, crude printing, and inconsistent numbering on the cards suggested the cards were not genuine. Leyva subsequently admitted his true identity, and acknowledged he made and used

6

fraudulent credit cards to support himself. The police also found an Oklahoma identification card and an American Express card belonging to Truong Lee. Lee stated he lost his wallet and its contents in the Los Angeles area in late 2013, and had not given anyone permission to use the contents of his wallet. As noted above, Leyva pleaded guilty, admitting that on March 24, 2014, he "willfully, unlawfully, [and] knowingly acquired [and] retained possession of access card account information, regarding an access card validly issued to Truong L., without his consent or the issuer's consent, with the intent to use the access card information fraudulently."

Because Leyva's petition and the record does not show Lee's access card account information was valued at $950 or less, Leyva has failed to demonstrate the trial court erred. Consequently, we affirm the court's orders, but without prejudice so Leyva may file a new petition if the Supreme Court determines Proposition 47 reclassified section 484e offenses as misdemeanors, or if Leyva can show Lee's access card account information was valued at $950 or less.

## III

### DISPOSITION

The orders are affirmed without prejudice.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.

7