Filed 7/20/21

**CERTIFIED FOR PARTIAL PUBLICATION**<sup>*</sup>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>         v.<br><br>STEPHEN RAY SCHULZ,<br><br>    Defendant and Appellant. | F080978<br><br>(Super. Ct. No. CRF60570)<br><br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Tuolumne County.  Donald I. Segerstrom, Jr., Judge.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

<sup>*</sup>    Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, only the Introduction, part II. of the Discussion, and the Disposition are certified for publication.

## INTRODUCTION

Defendant Stephen Ray Schulz raises two issues on appeal. He claims the trial court abused its discretion when it declined to reduce his felony convictions for driving under the influence of alcohol to misdemeanors pursuant to Penal Code section 17, subdivision (b).[1] He also claims, via supplemental briefing, that pursuant to the *Estrada*[2] presumption, he is entitled to relief under Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (Assembly Bill No. 1950 or Assem. Bill No. 1950), which amended section 1203.1, subdivision (a), to limit probation for felony offenses to no more than two years, subject to certain exceptions. (Stats. 2020, ch. 328, § 2.) The People contend that the trial court did not abuse its discretion when it denied defendant's motion to reduce his felony convictions to misdemeanors, and although they do not dispute defendant's assertion that he is otherwise eligible for a probationary term that does not exceed two years under section 1203.1, subdivision (a), as amended, they contend that probation is not punishment and, therefore, the amendment does not apply retroactively to this case under *Estrada*.

After briefing was complete, we ordered the parties to file supplemental letter briefs pursuant to Government Code section 68081, addressing whether, assuming Assembly Bill No. 1950 applies retroactively, defendant's convictions for violation of Vehicle Code section 23153, subdivisions (a) and (b), qualify for a reduction in the probationary period under section 1203.1, subdivision (a), given that subdivision (m) of section 1203.1, which was added by Assembly Bill No. 1950, excludes "an offense that includes specific probation lengths within its provisions." (See Veh. Code, § 23600, subd. (b)(1) ["If any person is convicted of a violation of Section 23152 or 23153 and is

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).

2.

granted probation, the terms and conditions of probation shall include … [¶] … a period of probation not less than three nor more than five years .…"].)

Defendant concedes that "in felony cases, Vehicle Code section 23600, subdivision (b) mandates a period of probation of 'not less than three' years." However, he claims that the exclusion under section 1203.1, subdivision (m)(1), applies only to those offenses that are both a violent felony under section 667.5, subdivision (c), and include a "specific probation length[] within its provisions." (§ 1203.1, subd. (m)(1).) The People disagree with defendant's interpretation of the statute and contend that because his convictions for violating Vehicle Code section 23153 subject him to a specific statutory probation period under Vehicle Code section 23600, he is excluded by section 1203.1, subdivision (m)(1), from eligibility for the two-year maximum probationary period under subdivision (a).

We reject defendant's claim that the trial court abused its discretion when it denied his motion to reduce his felony convictions to misdemeanors. We also reject his claim that he is entitled to a reduction in his probationary period. As discussed below, we agree with defendant that under *Estrada*, Assembly Bill No. 1950 applies retroactively to cases not yet final on review, but we reject his interpretation of section 1203.1, subdivision (m)(1), and conclude that his convictions for violating Vehicle Code section 23153 preclude him from relief under subdivision (a) of section 1203.1. Therefore, we affirm the judgment.

## PROCEDURAL HISTORY

Defendant, who had no prior criminal record, was arrested on July 22, 2019, after his truck veered into the oncoming traffic lane and struck another vehicle head-on, injuring the other driver and her two passengers. Defendant's blood-alcohol level was 0.17 percent.

On July 29, 2019, defendant was charged by complaint with driving under the influence of alcohol and causing bodily injury to the other driver, in violation of Vehicle

3.

Code section 23153, subdivision (a), and driving with a blood-alcohol level of 0.08 percent or greater and causing bodily injury to the other driver, in violation of Vehicle Code section 23153, subdivision (b), with attached sentence enhancements for proximately causing bodily injury to multiple victims, in violation of Vehicle Code section 23558, and driving with a blood-alcohol level of 0.15 percent or greater, in violation of Vehicle Code section 23578.

On November 20, 2019, defendant entered an open plea of guilty to the two felony charges, admitted the enhancements, and admitted his blood-alcohol content exceeded 0.15 percent; and he stated his intent to seek reductions of the felonies to misdemeanors under section 17, subdivision (b).[3]  Defendant subsequently filed a motion requesting reduction of the felony counts to misdemeanors, which the prosecutor opposed.

On February 10, 2020, the trial court denied defendant's motion to reduce his felony convictions to misdemeanors.  The court suspended imposition of sentence for a period of five years, placed defendant on probation, and ordered defendant to serve five months in local custody, with two days of credit for time served.  (§ 1170, subd. (h).)

Defendant filed a timely notice of appeal.

## DISCUSSION

### I.     Denial of Motion to Reduce Felony Convictions to Misdemeanors[*]

For first time offenders such as defendant, violation of section 23153 is punishable as either a misdemeanor or a felony (Veh. Code, § 23554), and the trial court has the discretion to reduce a felony to a misdemeanor (§ 17, subd. (b)).  "Factors relevant to the trial court's decision include "'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, [and] his traits of character as

_____

[3]     "An open plea is one under which the defendant is not offered any promises," and "'plead[s] unconditionally, admitting all charges and exposing himself to the maximum possible sentence if the court later chose to impose it.'" (*People v. Cuevas* (2008) 44 Cal.4th 374, 381, fn. 4.)

[*]     See footnote, *ante*, page 1.

4.

evidenced by his behavior and demeanor at the trial."' (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 978 (*Alvarez*).)  Courts may also consider the sentencing objectives set forth in California Rules of Court, rule 4.410.  (*Alvarez*, at p. 978.)  Those include protecting society, punishing the defendant, deterring crime, encouraging the defendant to lead a law-abiding life, and preventing the defendant from committing new crimes.  (Cal. Rules of Court, rule 4.410(a).)  The trial court's discretion under Penal Code section 17, subdivision (b) is broad, and it will not be disturbed on appeal unless it is clearly shown the decision was irrational or arbitrary.  (*Alvarez*, at p. 977.)  Absent such a showing, we presume the trial court acted to achieve legitimate sentencing objectives.  (*Ibid.*)" (*People v. Dryden* (2021) 60 Cal.App.5th 1007, 1027–1028; accord, *People v. Lee* (2017) 16 Cal.App.5th 861, 866–867.)

In this case, the trial court recognized its discretion to reduce defendant's felony convictions to misdemeanors under section 17, subdivision (b), but declined to do so. The court explained:

> "In his favor is that he does have no prior criminal history, and that he has apparently taken the appropriate responses.  On the other hand, I've seen lots of people, when faced with being sentenced, take appropriate responses, and as soon as they receive the leniency from the Court, the motivation to continue in that is diminished in those actions.

> "Driving under the influence and causing injury is an extremely serious offense.  There are circumstances where a reduction under [section] 17[, subdivision ](b) would be appropriate where it was very minor injuries, where the blood alcohol was marginal.

> "This just isn't that case.  I think the defendant has a lot of things in his favor and there are circumstances in mitigation that tend to mitigate that; as I said, no prior criminal history and he has taken the initiative to participate in all these programs, and the probation officer gives him— gives him credit for that.

> "But this is not a case where the Court is inclined—is going to exercise its discretion to reduce this to a misdemeanor.  In the Court's view, when you come around the wrong side of the road on a blind curve on Big

Hill at a one-seven in a big truck and head-on injuring three people is not a misdemeanor in the Court's view."

Defendant argues that the court abused its discretion in denying his motion because his conduct was "not so egregious that [he] needed to be punished by incarceration" and "[t]he public interest did not require that the public be protected from [him]." We conclude that defendant has not met his burden of demonstrating error.

"To prove an abuse of discretion, "'[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review."' (*Alvarez*, *supra*, 14 Cal.4th at pp. 977–978.) To meet this burden, the defendant must 'affirmatively demonstrate that the trial court misunderstood its sentencing discretion.' (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.)" (*People v. Lee*, *supra*, 16 Cal.App.5th at p. 866; accord, *People v. Gollardo* (2017) 17 Cal.App.5th 547, 562.)

The record expressly reflects that the trial court understood the scope of its sentencing discretion. The court recognized that defendant was a first time offender and that he took responsibility for his actions. However, defendant also had a high blood-alcohol level and crossed over into the oncoming traffic lane on a blind curve, resulting in a head-on collision. Defendant's disagreement with the court's decision falls well short of establishing the court abused its discretion. The record here readily supports the court's decision to deny defendant's motion and we are unpersuaded by defendant's contrary claim.

## II.     Assembly Bill No. 1950

### A.     Background

As amended by Assembly Bill No. 1950, subdivision (a) of section 1203.1 provides, "The court, or judge thereof, in the order granting probation, may suspend the

6.

imposing or the execution of the sentence and may direct that the suspension may continue for a period of time *not exceeding two years*, and upon those terms and conditions as it shall determine.  The court, or judge thereof, in the order granting probation and as a condition thereof, may imprison the defendant in a county jail for a period not exceeding the maximum time fixed by law in the case….”  (Italics added.) However, Assembly Bill No. 1950 also added subdivision (m) to section 1203.1, which provides:

> “The two-year probation limit in subdivision (a) shall not apply to:
>
> “(1)   *An offense listed in subdivision (c) of Section 667.5 and an offense that includes specific probation lengths within its provisions*.  For these offenses, the court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding the maximum possible term of the sentence and under conditions as it shall determine. All other provisions of subdivision (a) shall apply.
>
> “(2)   A felony conviction for paragraph (3) of subdivision (b) of Section 487, Section 503, and Section 532a, if the total value of the property taken exceeds $25,000.  For these offenses, the court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding three years, and upon those terms and conditions as it shall determine.  All other provisions of subdivision (a) shall apply.”  (Assem. Bill No. 1950, Stats. 2020, ch. 328, § 2, pp. 4–5, italics added.)

Assembly Bill No. 1950 also amended section 1203a to provide that probation in misdemeanor cases may not exceed a period of one year (§ 1203a, subd. (a)), except for “any offense that includes specific probation lengths within its provisions” (*id.*, subd. (b)).  (Assem. Bill No. 1950, ch. 328, § 1, p. 1.)

The parties disagree on the following two issues:  one, whether Assembly Bill No. 1950 applies retroactively to cases not yet final on appeal under the *Estrada* presumption and, two, whether, by virtue of the specific probationary period set forth in

7.

Vehicle Code section 23600, subdivision (b)(1) and the limitation in section 1203.1, subdivision (m)(1), defendant is excluded from relief under section 1203.1, subdivision (a).  For the reasons set forth below, we conclude Assembly Bill No. 1950 applies retroactively, but defendant is not eligible for relief because his convictions fall within the exception set forth in subdivision (m)(1).

### B.    Legal Principles

"We review de novo questions of statutory construction.  [Citation.]  In doing so, '"our fundamental task is 'to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute.'"'  [Citation.]  We begin with the text, 'giv[ing] the words their usual and ordinary meaning [citation], while construing them in light of the statute as a whole and the statute's purpose [citation].'  [Citation.]  'If no ambiguity appears in the statutory language, we presume that the Legislature meant what it said, and the plain meaning of the statute controls.'"  (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1123.) "'Only when the statute's language is ambiguous or susceptible of more than one reasonable interpretation, may the court turn to extrinsic aids to assist in interpretation.'" (*In re C.H.* (2011) 53 Cal.4th 94, 100 (*C.H.*).)

"Generally, statutes are presumed to apply only prospectively."  (*People v. Frahs* (2020) 9 Cal.5th 618, 627 (*Frahs*), citing *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307 (*Lara*); § 3.)  "However, this presumption is a canon of statutory interpretation rather than a constitutional mandate.  [Citation.]  Accordingly, 'the Legislature can ordinarily enact laws that apply retroactively, either explicitly or by implication.'  [Citation.]  Courts look to the Legislature's intent in order to determine if a law is meant to apply retroactively."  (*Frahs*, *supra*, at p. 627, citing *Lara*, *supra*, at p. 307.)

Pursuant to the California Supreme Court's decision in *Estrada*, "[n]ewly enacted legislation lessening criminal punishment or reducing criminal liability presumptively applies to all cases not yet final on appeal at the time of the legislation's effective date.

(See *Estrada*, *supra*, 63 Cal.2d at pp. 744–745.) This presumption 'rests on an inference that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.'" (*People v. Gentile* (2020) 10 Cal.5th 830, 852 (*Gentile*); accord, *Frahs*, *supra*, 9 Cal.5th at p. 624; *People v. McKenzie* (2020) 9 Cal.5th 40, 44–45; *Lara*, *supra*, 6 Cal.5th at p. 307.)

### C.    Analysis

#### 1.    *Estrada* Presumption Applies

As an initial matter, the People maintain that Assembly Bill No. 1950 is not retroactive because the *Estrada* presumption applies to punishment and probation is not punishment. This position has been uniformly rejected by courts considering the matter. (*People v. Lord* (2021) 64 Cal.App.5th 241, 245 (*Lord*); *People v. Stewart* (2021) 62 Cal.App.5th 1065, 1072–1073, review granted June 30, 2021, S268787 (*Stewart*); *People v. Sims* (2021) 59 Cal.App.5th 943, 960–961 (*Sims*); *People v. Quinn* (2021) 59 Cal.App.5th 874, 882–883 (*Quinn*); *People v. Burton* (2020 58 Cal.App.5th Supp. 1, 14–16 (*Burton*).)

In *Burton*, the court explained,

"[A] '[g]rant of probation is, of course, qualitatively different from such traditional forms of punishment as fines or imprisonment. Probation is neither "punishment" [citation] nor a criminal "judgment" [citation]. Instead, courts deem probation an act of clemency in lieu of punishment [citations], and its primary purpose is rehabilitative in nature [citation].' [Citations.] [¶] But, although probation is not considered 'punishment' for specified purposes, the presumption of legislative intent in *Estrada* is not confined to only situations when jail and prison sentences are directly decreased due to new laws. A court may presume an intent to broadly apply laws even when they 'merely [make] a reduced punishment *possible*.' (*People v. Frahs*, *supra*, 9 Cal.5th at p. 629.) The Legislature in this instance clearly contemplated that reducing the amount of time probation can last was significantly beneficial to persons on probation, and that concomitantly, being on probation for longer than a year was detrimental 'rather than being rehabilitative.' As previously noted, 'a legislative body

9.

ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible' (*People v. Conley* [(2016)] 63 Cal.4th [646,] 657), not solely to changes that reduce 'punishment' as defined in contexts different than assessing whether *Estrada* is applicable." (*Burton*, *supra*, 58 Cal.App.5th Supp. at pp. 15–16.)

Subsequently, the Courts of Appeal in *Stewart*, *Sims*, and *Quinn* agreed and rejected the argument advanced by the People here, that probation is not punishment within the meaning of *Estrada*. (*Stewart*, *supra*, 62 Cal.App.5th at pp. 1072–1073, review granted; *Sims*, *supra*, 59 Cal.App.5th at pp. 959–961; *Quinn*, *supra*, 59 Cal.App.5th at p. 883; accord, *Lord*, *supra*, 64 Cal.App.5th at p. 245.) *Sims* stated, "[W]e do not believe the label affixed to probation—i.e., whether it is labeled punishment, rehabilitation, or some combination—is necessarily determinative of whether the *Estrada* presumption of retroactivity applies." (*Sims*, *supra*, at p. 959.) "[P]robation—though often deemed preferable to imprisonment from the perspective of a defendant—can be invasive, time-consuming, and restrictive for a probationer. A probationer 'is in constructive custody—he is under restraint.' [Citations.] Thus, '[w]hile probation is not technically a "punishment," being "'rehabilitative in nature'" [citation], there is no question it is a sanction that imposes significant restrictions on the civil liberties of a defendant.' [Citations.] By limiting the maximum duration a probationer can be subject to such restraint, Assembly Bill No. 1950 has a direct and significant ameliorative benefit for at least some probationers who otherwise would be subject to additional months or years of potentially onerous and intrusive probation conditions." (*Ibid.*, fn. omitted.)

Recent California Supreme Court decisions make clear that the *Estrada* presumption applies broadly to ameliorating benefits that flow from a change in the law (*People v. Esquivel* (2021) 11 Cal.5th at 671, 674–675 [2021 Cal. Lexis 4156, *6]; *Gentile*, *supra*, 10 Cal.5th at p. 852; *Frahs*, *supra*, 9 Cal.5th at pp. 631–632) and the court has stated that the primary focus is "whether a change in law is ameliorative" (*Esquivel*, *supra*, at pp. 675–676 [2021 Cal. Lexis 4156, *6]). We agree with the courts that have

10.

considered *Estrada* in the context of Assembly Bill No. 1950 and concluded the presumption of retroactivity applies. (*Lord*, *supra*, 64 Cal.App.5th at pp. 245–246; *Stewart*, *supra*, 62 Cal.App.5th at pp. 1072–1073; *Sims*, *supra*, 59 Cal.App.5th at pp. 959–961; *Quinn*, *supra*, 59 Cal.App.5th at p. 882–883; *Burton*, *supra*, 58 Cal.App.5th Supp. at pp. 18–19.) Therefore, we reject the People's argument on this point.

### 2.     Exclusion Under Subdivision (m)(1) of Section 1203.1

### a.     Statutory Language

Next, we must address, as a matter of first impression, whether defendant is entitled to relief under subdivision (a) of section 1203.1 or whether his convictions instead fall within the exclusion under subdivision (m)(1) of the statute. We turn first to the plain language of the statute.

Defendant was convicted of violating subdivisions (a) and (b) of Vehicle Code section 23153, which provide, "[i]t is unlawful for a person, while under the influence of any alcoholic beverage, to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver" (*id.*, subd. (a)), and "[i]t is unlawful for a person, while having 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver" (*id.*, subd. (b)). Relevant to the probationary period for these offenses, Vehicle Code section 23600, subdivision (b)(1), states, "If any person is convicted of a violation of Section 23152 or 23153 and is granted probation, the terms and conditions of probation shall include, but not be limited to, the following:  [¶]  (1) Notwithstanding Section 1203a of the Penal Code, *a period of probation not less than three nor more than five years*; provided, however, that if the maximum sentence provided for the offense may exceed five years in the state prison, the period during which the sentence may be suspended and terms of probation enforced may

11.

be for a longer period than three years but may not exceed the maximum time for which sentence of imprisonment may be pronounced."  (Italics added.)

Subdivision (m)(1) of section 1203.1, added by Assembly Bill No. 1950, provides, in relevant part, "The two-year probation limit in subdivision (a) shall not apply to:  [¶] … [a]n offense listed in subdivision (c) of Section 667.5 *and* an offense that includes specific probation lengths within its provisions.…."  (Italics added.)  The parties' dispute whether this exclusion from relief applies to those offenses that are listed in section 667.5, subdivision (c), and also include specific probation lengths, as defendant claims, or whether the exclusion applies to those offenses listed in section 667.5, subdivision (c), and to any offenses that include specific probation lengths, as the People claim.

Defendant's argument centers on the principle that, as here, "[t]he ordinary and usual usage of 'and' is as a conjunctive, meaning '"an additional thing,"' 'also' or 'plus[]'" (*C.H.*, *supra*, 53 Cal.4th at pp. 101–102), in contrast with the "'[u]se of the word "or" in a statute[,] indicat[ing] an intention to use it disjunctively so as to designate alternative or separate categories[]'" (*People ex rel. Green v. Grewal* (2015) 61 Cal.4th 544, 561).  Application of this principle does not straightforwardly resolve the matter, however.

The statute excludes "[*a*]*n offense* listed in subdivision (c) of Section 667.5 *and an offense* that includes specific probation lengths within its provisions."  (§ 1203.1, subd. (m)(1), italics added.)  "It is a settled principle of statutory construction that courts should 'strive to give meaning to every word in a statute and to avoid constructions that render words, phrases, or clauses superfluous[,]'" and "[w]e harmonize statutory provisions, if possible, giving each provision full effect."  (*C.H.*, *supra*, 53 Cal.4th at p. 103; accord, *People v. Leiva* (2013) 56 Cal.4th 498, 506.)  If we were to adopt defendant's interpretation, it would render the second usage of the term "an offense" superfluous, or a surplusage.  Such a result is to be avoided to the extent possible and doing so here is neither contrary to legislative intent nor absurd in result.  (*C.H.*, *supra*, at

12.

p. 103; accord, *People v. Leiva*, *supra*, at p. 506; *People v. Valencia* (2021) 64 Cal.App.5th 641, 649.)

<h3 style="text-align:center">b.  Legislative History</h3>

Because the Legislature could have but did not use the term "or" in section 1203.1, subdivision (m)(1), and the parties offer competing interpretations based on the use of the term "and," we consider the legislative history in resolving this ambiguity. (*C.H.*, *supra*, 53 Cal.4th at pp. 100–101.) According to the author, Assembly Bill No. 1950 was drafted to address the following factors: the effect of probation on already marginalized populations; the burden of probation fees on the poor; the high cost to taxpayers of incarcerating individuals for minor, technical, noncriminal violations of probation; and research reflecting that probation services are most effective the first 18 months of supervision and that increased supervision and services earlier on reduces likelihood to recidivate. (Sen. Com. on Public Safety, Rep. of Assem. Bill No. 1950 (2019–2020 Reg. Sess.) June 10, 2020, pp. 4–5.) The author concluded, "AB 1950 creates reasonable and evidence-based limits on probation terms, while lowering costs to taxpayers, allowing for the possible investment of savings in effective measures proven to reduce recidivism and increasing public safety for all Californians. The bill also supports probation officers in completing the duties of their job more effectively, by making their caseloads more manageable." (*Id.* at p. 4.)

Assembly Bill No. 1950 was amended three times. The third and final amendment, which was the version enacted, added qualifying language to the one-year probation term limit for misdemeanors and the two-year probation term limit for felonies by adding subdivision (b) to section 1203a and subdivision (m) to section 1203.1, respectively. (Assem. Bill No. 1950, as amended June 10, 2020, pp. 2 & 6–7.)[4] The

---

[4] Section 1203a, subdivision (b), provides, "The one-year probation limit in subdivision (a) shall not apply to any offense that includes specific probation lengths within its provisions."

13.

earlier versions of the bill reduced the term of probation to no more than one year in misdemeanor cases and to no more than two years in felony cases, without the aforementioned limitations. (Assem. Bill No. 1950, as amended May 6, 2020, p. 2 & May 21, 2020, p. 2.)

The committee report on the third and final amended version states, in relevant part, "This bill provides that the two-year probation limit does not apply to offenses defined by law as violent felonies, or to an offense that includes a specific probation term within its provisions." (Sen. Com. on Public Safety, Rep. of Assem. Bill No. 1950, June 10, 2020, p. 3, italics omitted; accord, Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1950, as amended June 10, 2020, pp. 4 & 5.) The report also summarizes the author's comments on the matter: The legislative amendment under Assembly Bill No. 1950 "does not include offenses falling under section 667.5 of the State Penal Code, crimes committed against monetary property (i.e., 'white collar crimes') valued at over $25,000 nor any specific crimes with probation term lengths identified by statute." (Sen. Com. on Public Safety, Rep. of Assem. Bill No. 1950, June 10, 2020, p. 4.) The addition of the limitations in the bill as enacted and the intent expressed with respect to those limitations support our reading of the statute as excluding those felony offenses that fall under section 667.5, subdivision (c), and, separately, those felony offenses that include specific probation lengths within their provisions.

Finally, in our view, defendant's suggested interpretation of the law as excluding from section 1203.1, subdivision (a), only those offenses that are categorized as violent under section 667.5, subdivision (c), and include specific probation lengths within their provisions would lead to absurd consequences. The People point out that serious crimes categorized as violent offenses under section 667.5, subdivision (c), such as murder, mayhem, rape, and sodomy, do not include specific probation terms, and, therefore, would be not be excluded under defendant's interpretation of section 1203.1,

14.

subdivision (m).[5] Defendant does not address this argument and he identifies *no* felony offenses that would qualify for exclusion under his interpretation of section 1203.1, subdivision (m)(1), which would render the subdivision meaningless.[6] Neither the plain language of the provision nor the legislative history supports such an untenable result.

In sum, defendant was convicted of violating Vehicle Code section 23153, subdivisions (a) and (b), and for those offenses, section 23600, subdivision (b)(1), provides for a specific probation length. Therefore, the exclusion under section 1203.1, subdivision (m)(1), applies in this case and defendant is ineligible to have his probation term reduced under subdivision (a) of section 1203.1.

### DISPOSITION

The judgment is affirmed.

MEEHAN, J.

WE CONCUR:

LEVY, Acting P.J.

FRANSON, J.

---

[5] There are other statutory limits on the trial court's authority to grant probation for certain felony offenses. (E.g., §§ 1203, subd. (e), 1203.06, subd. (a), 1203.065, subd. (a), 1203.066, subd. (a).)

[6] "If a party's briefs do not provide legal argument and citation to authority on each point raised, '"the court may treat it as waived, and pass it without consideration. [Citations.]"'" (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 363–364.)

15.