Filed 5/19/23  P. v. Banks CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093571 |
| Plaintiff and Respondent, | (Super. Ct. No. 98F10219) |
| v. | OPINION ON TRANSFER |
| ROBBIE BANKS, | |
| Defendant and Appellant. | |

Appointed counsel filed an opening brief that requested this court review the record and determine whether there are any arguable issues on appeal under *People v. Wende* (1979) 25 Cal.3d 436.  After defendant did not file a supplemental brief, we dismissed her appeal as abandoned in our original opinion filed December 7, 2021.

Defendant petitioned our Supreme Court for review; that court has now directed us to reconsider the matter in light of *People v. Delgadillo* (2022) 14 Cal.5th 216, which, in

1

part, requires consideration of any arguments raised by defendants in supplemental briefing.

After this case was transferred from our Supreme Court, defendant filed a supplemental brief. Finding none of the issues raised in her brief cognizable, we shall affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

In 2001, a jury found defendant Robbie Banks guilty of second degree murder and found true she personally used a knife and had a prior serious felony. On June 1, 2001, the trial court sentenced defendant to 30 years to life for the murder, one year for the weapon enhancement, and five years for the prior serious felony, for a total term of 30 years to life plus six years.

On March 6, 2020, defendant filed a petition for resentencing under Penal Code[1] section 1172.6,[2] alleging she is eligible for resentencing because she was not the actual killer. After briefing by the parties, the trial court denied the petition finding the "jury was not instructed on either felony-murder or the natural and probable consequences doctrine of accomplice liability."

Defendant appealed and we dismissed the appeal as abandoned. (*People v. Banks* (Dec. 7, 2021, C093571) [nonpub. opn.].) After our Supreme Court vacated our opinion in light of *Delgadillo*, we sent defendant a letter on March 30, 2023, notifying her: (1) counsel had filed a brief indicating no arguable issues had been identified by counsel; (2) as a case arising from an order denying postconviction relief, defendant was not entitled

---

[1] Undesignated section references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Defendant filed her petition under former section 1170.95, but we will cite to the current section 1172.6 throughout this opinion.

to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days in which to file a supplemental brief or letter raising any argument she wanted this court to consider. In addition, we notified defendant if we did not receive a letter or brief within that 30-day period, the court may dismiss the appeal as abandoned.

On April 14, 2023, defendant filed a supplemental brief.

DISCUSSION

The California Supreme Court has considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) Our Supreme Court in *Delgadillo* laid out applicable procedures for such cases, saying, where, as here, a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id*. at p. 232.)

Defendant makes several arguments in her supplemental brief contesting her culpability: (1) She had several circumstances affecting her mental state during the assault; (2) the victim had threatened to kill her baby; (3) she "assulted [*sic*] the victim by stabing [*sic*] him but [she] did not kill him" (capitalization omitted) because the victim was already dying; (4) she has been the victim of sexual assault; and (5) she did not have a violent criminal history before this conviction.

None of defendant's arguments address the issue on appeal: the trial court's decision to deny her petition for resentencing based on the jury in her trial not being instructed on either felony murder or the natural and probable consequences doctrine. Instead, her arguments constitute a collateral attack on the judgment not within the purview of a section 1172.6 petition, nor, therefore, cognizable on appeal from an order denying relief under that statute. (§ 1172.6, subd. (a) [a person may petition for

3

resentencing if they had been "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime"].)

Defendant not presenting any cognizable arguments on appeal, we must affirm the trial court's order. (*People v. Davis* (1996) 50 Cal.App.4th 168, 172 ["The very settled rule of appellate review is a trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate error on the face of the record"].)

## DISPOSITION

The order denying defendant's petition for resentencing pursuant to section 1172.6 is affirmed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
HULL, J.

/s/
RENNER, J.

4