Filed 6/20/23  P. v. Haven CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C093641 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F01615) |
| v. | OPINION ON TRANSFER |
| ROBERT HAVEN, | |
| Defendant and Appellant. | |

This appeal comes to us ostensibly pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  After defendant declined to file a supplemental brief, we dismissed the appeal as abandoned in our original opinion filed on January 19, 2022.

Defendant petitioned our Supreme Court for review and that court has directed us to reconsider the matter in light of *People v. Delgadillo* (2022) 14 Cal.5th 216.

After this case was transferred back to us from our Supreme Court, defendant filed a supplemental brief raising two arguments:  First, he argues the trial court erred in

1

failing to give a number of jury instructions requested at trial by his counsel. Second, he argues police officers impermissibly conducted a warrantless search that led to his arrest. Because we conclude these arguments are not cognizable in this appeal, we shall affirm.

BACKGROUND

In 2013, a jury found defendant Robert Haven guilty of first degree murder. (Pen. Code, § 187.)[1] [2] The jury also found true the special circumstance that he intentionally killed the victim by means of lying in wait. (§ 190.2, subd. (a)(15).) We affirmed the conviction on direct appeal. (*People v. Haven* (Aug. 28, 2019, C074940) [nonpub. opn.].)

On May 26, 2020, defendant filed a petition under section 1172.6[3] to have his murder conviction vacated and to be resentenced, arguing that he was "convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine," and that he "could not now be convicted of 1st or 2nd degree murder because of changes made to [] §§ 188 and 189, effective January 1, 2019." The trial court received briefing from the prosecutor and counsel for defendant and denied the petition finding the "jury was not instructed on either felony murder or the natural and probable consequences doctrine." The court further found the jury verdicts in the record of conviction "leave no doubt" the jury found defendant was either the actual killer or aided and abetted his codefendant in killing the victim, and that, regardless, defendant

---

[1] Undesignated section references are to the Penal Code.

[2] Defendant also was convicted of other crimes not relevant to this appeal.

[3] Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Defendant filed his petition under former section 1170.95, but we will cite to the current section 1172.6 throughout this opinion.

could still have been convicted of first or second degree murder, even after the amendments to sections 188 and 189.

Defendant filed an appeal, which we dismissed as abandoned. (*People v. Haven* (Jan. 19, 2022, C093641) [nonpub. opn.].) After our Supreme Court granted review and transferred the case back to us, we vacated our opinion and sent a letter to defendant on April 10, 2023, notifying him that (1) counsel had filed a brief indicating counsel had identified no arguable issues; (2) as a case arising from an order denying postconviction relief, defendant was not entitled to counsel or an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days in which to file a supplemental brief raising any argument he wanted this court to consider.

On May 18, 2023, defendant filed a supplemental brief.

DISCUSSION

*Wende* procedures do not apply to an appeal of a trial court's order denying a petition for postconviction relief under section 1172.6. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) Rather, where a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id*. at p. 232.)

Here, in his supplemental brief, defendant raises two arguments under three headings. He argues that his warrantless arrest was unlawful. He further argues the trial court improperly refused to give certain jury instructions at trial concerning self-defense. Defendant's arguments do not address the relevant issue on appeal here—the trial court's decision to deny his petition for resentencing based on the fact that the trial court did not instruct the jury on either felony murder or the natural and probable consequences doctrine. Instead, his arguments are collateral attacks on the judgment outside the purview of a section 1172.6 petition. They are not cognizable on appeal from an order denying relief under that statute. (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438

3

[section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].)

Because defendant has not presented any cognizable arguments on appeal, we must affirm the trial court's order. (*People v. Davis* (1996) 50 Cal.App.4th 168, 172 ["a trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate error on the face of the record"].)

### DISPOSITION

The order denying defendant's petition for resentencing pursuant to section 1172.6 is affirmed.

                                                           KRAUSE        , J.

We concur:

    MAURO           , Acting P. J.

    BOULWARE EURIE   , J.

4